2006 WY 76

**Frank Alan HARRIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–29.

Supreme Court of Wyoming.

June 28, 2006.

Rehearing Denied July 27, 2006.

Representing Appellant: Ken Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Public Defender; Jesse Hardy, Student Intern. Argument by Mr. Hardy.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General. Argument by Mr. Rehurek.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]  Mr. Harris was charged under Wyo. Stat. Ann. § 6–8–102 (LexisNexis 2005) which prohibits a person previously convicted of a violent felony from possessing a firearm. He entered a conditional guilty plea, reserving his right to appeal the district court's ruling on two pretrial motions.  Mr. Harris contends the district court should have granted his motion to dismiss because he was charged under an unconstitutionally vague statute.  He also claims the court erred by granting the State's motion in limine precluding him from presenting evidence that he did not knowingly violate the law.  We affirm.

## ISSUES

[¶ 2]  Although Mr. Harris presents four issues for review, we condense and rephrase them as:

I.  Is a muzzle-loading black powder rifle a "firearm" as set forth in Wyo. Stat. Ann. § 6–8–102?

II.  Did the district court err when it denied Mr. Harris' motion to dismiss finding that Wyo. Stat. Ann. § 6–8–102 is not unconstitutionally vague both on its face and as applied to Mr. Harris even though the statute does not define the term firearm?

III.  Did the district court err by granting the State's motion in limine which precluded Mr. Harris from presenting evidence regarding his understanding that it was not illegal for him to possess the black powder rifle?

## FACTS

[¶ 3]  Mr. Harris was previously convicted of two felonies, aggravated robbery and robbery.  Both convictions are violent felonies as defined by Wyo. Stat. Ann. § 6–1–104(xii) (LexisNexis 2005).  He has never been pardoned for these convictions.  As a violent felon, Mr. Harris is prohibited from possessing firearms pursuant to Wyo. Stat. Ann. § 6–8–102 which provides:

> Any person who has previously pleaded guilty to or been convicted of committing

or attempting to commit a violent felony or a felony under W.S. 6–5–204(b), and has not been pardoned and who uses or knowingly possesses **any firearm** is guilty of a felony punishable by imprisonment for not more than three (3) years, a fine of not more than five thousand dollars ($5,000.00), or both.

(Emphasis added.)  Mr. Harris does not dispute that he is a violent felon or that it is unlawful for him to possess firearms.  However, according to Mr. Harris, he did not violate the statute because the rifle he purchased is not a firearm.  He also contends that his mistaken belief that he was legally permitted to possess the rifle is a valid defense to the charge.

[¶ 4]  Mr. Harris asserts that he first became interested in obtaining a muzzle-loading black powder rifle when he saw a store catalog[1] that offered it for sale without requiring a background check.  According to Mr. Harris, a sheriff's deputy in Converse County and a Wal–Mart employee provided information to him from which he concluded that it would not be unlawful for him to possess the rifle, despite his status as a violent felon.  In October 2003, Mr. Harris purchased a .50 caliber Traditions black powder Sporter Mag rifle from Wal–Mart.  After purchasing the rifle, Mr. Harris pawned it at a Mister Money store in Casper.

[¶ 5]  On the afternoon of April 5, 2004, Mr. Harris repurchased the rifle from the pawn shop.  Shortly thereafter, he was seen loading the rifle in front of the federal building in downtown Casper.  Police were notified.  When the officers responded, they observed Mr. Harris holding the rifle to his shoulder and pointing it in the direction of heavy traffic on Center Street.  The officers approached Mr. Harris with their handguns ready and ordered him to put down the rifle.  Mr. Harris complied and was restrained.

[¶ 6]  Mr. Harris told the officers he had just purchased the rifle from the pawn shop. He explained that he did not mean to scare anyone—he was merely looking through the scope because it was blurry.  Mr. Harris was

---

1.  It was not a Wal–Mart catalog.

placed under arrest and taken to the Natrona County Detention Center.

[¶ 7] An Information was filed charging Mr. Harris with "unlawfully and knowingly possess[ing] a firearm after having been convicted of a violent felony, to-wit: Aggravated Robbery and Robbery, in violation of W.S. 1977, as amended, § 6–8–102." On June 10, 2004, Mr. Harris filed a motion to dismiss claiming that the statute is unconstitutionally vague, both on its face and as applied to him, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and art. 1, § 6 of the Wyoming Constitution. A hearing was held on July 9, 2004. The district court denied the motion.

[¶ 8] On August 10, 2004, the State filed its Motion in Limine Concerning Possession of Weapon. The motion stemmed from Mr. Harris' proposed defense that he did not believe a black powder rifle was a firearm. Mr. Harris claims that because he made a mistake of fact, he did not knowingly violate the law. Through its motion, the State sought to exclude any evidence supporting Mr. Harris' theory. The State classified Mr. Harris' mistake as one of law, not fact. The State asserted that violation of Wyo. Stat. Ann. § 6–8–102 is a general intent crime and that a mistake of law is not a defense. The district court agreed and granted the motion.

[¶ 9] After his motion to dismiss was denied and the State's motion in limine granted, Mr. Harris entered a conditional guilty plea. He reserved his right to appeal the district court's decisions on those motions. Mr. Harris was sentenced to a term of eighteen to twenty-four months in the Wyoming State Penitentiary. The sentence was suspended in favor of a two-year term of supervised probation. The Judgment and Sentence was entered on December 1, 2004. This appeal followed.

2. 18 U.S.C. § 921(a) (2000) provides in pertinent part:
(3) The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.... Such term does not include an antique firearm.

*DISCUSSION*

[¶ 10] Mr. Harris contends that the district court erred by construing Wyo. Stat. Ann. § 6–8–102 to include muzzle-loading black powder rifles. He claims that we must supply a definition for the term "firearm" because the legislature has failed to do so. He urges us to adopt the federal definition of firearm because at least one federal statute specifically excludes muzzle-loading black powder rifles.[2]

[¶ 11] Whether a muzzle-loading black powder rifle constitutes a firearm as contemplated by Wyo. Stat. Ann. § 6–8–102 requires statutory interpretation. Statutory interpretation is a question of law which we review *de novo*. *In re Estate of Seader*, 2003 WY 119, ¶ 23, 76 P.3d 1236, 1244 (Wyo.2003). "[T]he plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary." *Keser v. State*, 706 P.2d 263, 266 (Wyo.1985). "[W]here there is plain, unambiguous language used in a statute there is no room for construction, and a court may not properly look for and impose another meaning." *Id.* "[W]here legislative intent is discernible a court should give effect to that intent." *Id.*

[¶ 12] Mr. Harris correctly notes that "firearm" is not defined in the statute. However, the term "firearm" is not a word that requires us to supply a new or different definition because it is not ambiguous. *See, e.g., DiVenere v. University of Wyoming*, 811 P.2d 273, 275 (Wyo.1991) ("[T]he word 'recreation' is used in its standard meaning; indeed, we know of no other meaning the word might have."). The American Heritage College Dictionary 521 (4th ed.2002), defines "firearm" as "[a] weapon, esp. a pistol or rifle, capable of firing a projectile and using an explosive as a propellant." Webster's Ninth New Collegiate Dictionary 465 (1991), defines "firearm" as "a weapon from which a

. . .
(16) The term "antique firearm" means—
. . .
(C) any muzzle loading rifle ... which is designed to use black powder....

shot is discharged by gunpowder." Finally, Black's Law Dictionary 634 (6th ed.1990), defines "firearm" as "[a] weapon which acts by force of gunpowder."[3]

[¶ 13] Mr. Harris does not dispute that the black powder rifle meets these standard definitions because it is capable of firing a projectile by using an explosive as a propellant. He contends, however, that we should adopt the definition of firearms contained in 18 U.S.C. § 921(a). Muzzle-loading black powder rifles are excluded as firearms under this federal statute. His approach is misguided. The charge against Mr. Harris was not for violating the federal statute. He was charged with violating Wyo. Stat. Ann. § 6–8–102.

[¶ 14] We must give effect to the Wyoming legislature's intent as expressed in the language of the statute. The Wyoming legislature chose to modify the term "firearm" with the word "any." The phrase "any firearm" signifies the legislature's intent to keep firearms away from felons who have demonstrated their propensity for violence. If the legislature intended to create an exception for a muzzle-loading black powder rifle, it could have done so. It did not. We are not free to legislate. *In re Estate of Seader*, ¶ 23, 76 P.3d at 1244. We cannot read exceptions into a statute that were not made by the legislature. *Id. See also, State ex rel. Peterson v. Ellsworth*, 59 Wyo. 288, 139 P.2d 744, 748 (Wyo.1943). The inescapable conclusion is that a muzzle-loading black powder rifle falls within the definition of "firearm" as contemplated by Wyo. Stat. Ann. § 6–8–102.

[¶ 15] Mr. Harris also challenges Wyo. Stat. Ann. § 6–8–102, claiming it is unconstitutionally vague both on its face and as applied. We review constitutional challenges de novo. *Rabuck v. State*, 2006 WY 25, ¶ 13, 129 P.3d 861, 864 (Wyo.2006). We begin our review with the presumption that the statute is constitutional. *Carfield v. State*, 649 P.2d 865, 870 (Wyo.1982). Mr. Harris bears the heavy burden of proving his contention, with all reasonable doubt re-

solved in favor of the statute's constitutionality. *Id.*

[¶ 16] We are cognizant that our legislature may not promulgate vague or uncertain statutes under the constitutions of Wyoming and the United States. *Rabuck*, ¶ 14, 129 P.3d at 864.

> A statute violates due process under the Fifth and Fourteenth Amendments of the United States Constitution on vagueness grounds and is void if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute, and violates equal protection if it encourages arbitrary and erratic arrests and convictions.

*Moe v. State*, 2005 WY 58, ¶ 9, 110 P.3d 1206, 1210 (Wyo.2005) (internal citations omitted). With these principles in mind, we turn to Mr. Harris' facial challenge.

[¶ 17] "[A] facial challenge is available in only two situations: (1) when the statute reaches a substantial amount of constitutionally protected conduct, and (2) when the statute is shown to specify no standard of conduct at all." *Moe*, ¶ 9, 110 P.3d at 1210.

> To succeed on a facial vagueness challenge to a legislative measure that does not threaten constitutionally protected conduct ... a party must do more than identify some instances in which the application of the statute may be uncertain or ambiguous; he must demonstrate that the law is impermissibly vague *in all of its applications.*

*Alcalde v. State*, 2003 WY 99, ¶ 15, 74 P.3d 1253, 1260–61 (Wyo.2003) (emphasis in original) (internal quotation marks omitted).

[¶ 18] First, Mr. Harris contends that the term "firearm" is unconstitutionally vague because it infringes on a substantial amount of constitutionally protected conduct—i.e., the right to bear arms. However, we have previously recognized that placing restrictions upon persons convicted of certain crimes from possessing firearms is a reasonable and legitimate exercise of police power.

---

**3.** These definitions are also consistent with the jury instruction approved in *Benson v. State*, 640 P.2d 83, 86, n. 6 (Wyo.1982) which defined "fire-

arm" as "any weapon designed to expel a projectile by action of an explosion, and includes **any** handgun, **rifle** or shotgun." (Emphasis added.)

*See Carfield,* 649 P.2d at 872 (explaining that "[t]o limit the possession of firearms to those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities, is clearly in the interest of the public health, safety, and welfare and within the scope of the Legislature's police power."). We find no reason to depart from our prior holding.

[¶ 19] Second, Mr. Harris contends that failure to define "firearm" makes the statute unconstitutionally vague because it specifies no standard of conduct at all. He claims that because a black powder rifle is excluded under federal law, a person of ordinary intelligence would not understand that owning this rifle is illegal in Wyoming. His claim is without merit. By its plain terms, the statute prohibits an unpardoned violent felon from possessing any firearm. *See Carfield,* 649 P.2d at 870–871. Reading exceptions into the statute which do not exist does not render the statute unconstitutionally vague such that it proscribes no conduct at all. Even if exceptions for certain firearms were made, the statute would still prohibit the possession of non-excluded firearms. Mr. Harris fails to provide us with even one situation where the application of the statute is uncertain, much less that the statute is vague in **all** of its applications, as he is required to do.

[¶ 20] We next review Mr. Harris' as applied challenge. To succeed in his claim, Mr. Harris must show that the statute provided insufficient notice to a person of ordinary intelligence that possession of a black powder rifle by a violent felon was illegal, and that he was the victim of arbitrary and discriminatory enforcement. *Griego v. State,* 761 P.2d 973, 976 (Wyo.1988). Mr. Harris has failed to do so.

[¶ 21] We have already noted that the term "firearm" is not vague in its ordinary usage. Mr. Harris understood that as a violent felon, it was unlawful for him to possess a firearm. While it may be true that 18 U.S.C. § 921(a) excludes muzzle-loading black powder rifles from its definition of firearm, Wyo. Stat. Ann. § 6–8–102 makes no similar exception. The question before us is not whether other statutes exclude the rifle—the question is whether a person of ordinary intelligence would know that his conduct was prohibited under Wyo. Stat. Ann. § 6–8–102. The answer, undoubtedly, is yes.

[¶ 22] Mr. Harris has also failed to establish he was the victim of arbitrary and discriminatory enforcement. Mr. Harris suggests that "some purchasers of black powder rifles who have suffered prior violent felony convictions probably live in counties where law enforcement officers do not believe that such rifles are firearms." This speculative statement is insufficient to demonstrate that Mr. Harris was the victim of arbitrary and discriminatory enforcement. For the foregoing reasons, we conclude that the district court properly denied Mr. Harris' motion to dismiss.

[¶ 23] For his final claim of error, Mr. Harris contends he was denied his constitutional right to present a defense when the district court granted the State's motion in limine. The motion in limine sought to exclude evidence regarding Mr. Harris' belief that he did not knowingly violate the law. In its motion, the State claimed that ignorance of the law was not a valid defense and any evidence supporting Mr. Harris' theory would be prejudicial, misleading, and irrelevant. The district court agreed and concluded that Mr. Harris' belief was a mistake of law and not a defense to the general intent crime with which he was charged.

[¶ 24] Mr. Harris argues that his mistake related to the character of the thing he possessed and, as such, is a mistake of fact. He claims that if he had been allowed to present his defense, he would have advised the jury that he did not think the black powder rifle was considered a firearm due to the information obtained from the store clerk and deputy and the fact that he was able to purchase the gun from a retail store without being subject to a background check. He contends that the district court erred by excluding this evidence and that in doing so, deprived him of his constitutional right to present a defense.

[¶ 25] The district court "has discretion in determining whether or not evi-

dence is admissible." *Clark v. Gale*, 966 P.2d 431, 435 (Wyo.1998). "All evidence must be relevant.... In the criminal setting, 'evidence is always relevant if it tends to prove or disprove one of the elements of the crime charged.' " *Geiger v. State*, 859 P.2d 665, 667 (Wyo.1993) (citing *Grabill v. State*, 621 P.2d 802, 809 (Wyo.1980)). Evidence that is not relevant is not admissible. W.R.E. 402.

[¶ 26] Wyoming Stat. Ann. § 6–8–102 forbids the possession of a firearm by a person who has been convicted of a violent felony and has not been pardoned. We have previously recognized that this crime is a "general intent" crime. *Carfield*, 649 P.2d at 871.[4] For general intent crimes, all that is necessary is that the act be done voluntarily. *Slaughter v. State*, 629 P.2d 481, 483 (Wyo. 1981). If done voluntarily, "the inference thereupon arises that the defendant intended that which resulted." *Id.* at 483–484.

[¶ 27] Mr. Harris' claim that he did not knowingly violate the law would not prove or disprove one of the elements of the crime charged. Mr. Harris concedes that he purposely sought to obtain a rifle that did not require a background check. The fact that Mr. Harris took steps to inquire whether he was allowed to possess the rifle is simply irrelevant. "[A] good faith or mistaken belief that one's conduct is legal does not relieve a person of criminal liability for engaging in proscribed conduct." 21 Am.Jur.2d *Criminal Law* § 153 (1998).

[¶ 28] Mr. Harris' mistake was one of law, i.e., whether Wyoming state law permits him to possess that particular rifle. A mistake of law is not a defense to a general intent crime. *See, e.g.*, 21 Am.Jur.2d *Criminal Law* § 153 (1998); *Slaughter*, 629 P.2d at 483. Mr. Harris was not denied his constitutional right to present a defense because a defense must be one that is recognized in this jurisdiction. *Burkhardt v. State*, 2005 WY 96, ¶ 12, 117 P.3d 1219, 1223–1224 (Wyo.

2005). We find no error in the district court's decision to grant the motion in limine.

[¶ 29] Affirmed.

---

4. In *Carfield*, we discussed § 6–11–115(a), W.S. 1977 (Cum.Supp.1981), the precursor to Wyo. Stat. Ann. § 6–8–102, which provided:

    (a) Any person who has previously pleaded guilty or been convicted of murder, voluntary manslaughter, assault to commit murder, aggravated assault, robbery, burglary or sexual assault in the first or second degree, or mayhem, unless pardoned, and who uses or has in his possession any firearm is guilty of a felony. *Id.*, 649 P.2d at 870 (quotation marks omitted).