2009 WY 128

Monique Joy CRAIN, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

Michael May, Appellant (Defendant),

v.

The State of Wyoming, Appellee (Plaintiff).

Nos. S–08–0215, S–09–0002.

Supreme Court of Wyoming.

Oct. 22, 2009.

Representing Appellants: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; and Eric Alden and Kirk A. Morgan, Senior Assistants Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Graham M. Smith, Assistant Attorney General; Nicole G. Krieger, Special Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1]   The Appellants in these consolidated cases challenge their convictions for sexual abuse of a minor under the comprehensive 2007 amendments to Wyoming's sexual assault statutes. Although each Appellant articulated the issues in slightly different terms, we deem the following to capture the essence of their claims: (1) Where those amended statutes criminalize sexual abuse of a minor "on a victim who is thirteen (13) through fifteen (15) years of age," does that descriptive phrase include victims who are one day or more past his/her 15th birthday; and, (2) is that descriptive phrase unconstitutionally vague as applied to each of these Appellants' cases? We hold that the statutes at issue are not ambiguous and do not require this Court to construe them beyond their plain language. In addition, we conclude that the statutes are not unconstitutionally vague as applied to these two Appellants.[1]

---

1. We consolidated three cases that raised these two issues for purposes of preparing decisions, these two and *Palmer v. State,* 2009 WY 129, 218 P.3d 941 (Wyo.2009). We opted to publish *Palmer* as a separate decision, although we will apply our holdings herein to two of the issues raised in *Palmer. Palmer* contained a third issue which we deemed significant enough to warrant a separate opinion.

[¶2] In Case No. S–08–0215, *Monique Joy Crain v. State of Wyoming*, Crain entered a conditional plea of guilty to violating Wyo. Stat. Ann. § 6–2–315(a)(i) (LexisNexis 2009) which provides:

### § 6–2–315. Sexual abuse of a minor in the second degree; penalties.

(a) Except under circumstance constituting sexual abuse of a minor in the first degree as defined by W.S. 6–2–314, an actor commits the crime of sexual abuse of a minor in the second degree if:

*(i) Being seventeen (17) years of age or older, the actor inflicts sexual intrusion[2] on a victim who is thirteen (13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor;*

(ii) Being sixteen (16) years of age or older, the actor engages in sexual contact of a victim who is less than thirteen (13) years of age;

(iii) Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than eighteen (18) years of age and the actor is the victim's legal guardian or an individual specified in W.S. 6–4–402; or

(iv) Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

(b) A person convicted under subsection (a) of this section is subject to imprisonment for not more than twenty (20) years, unless the person convicted qualifies under W.S. 6–2–306(e).[3] [Emphasis added.]

[¶3] In order to fully comprehend the above statute in context, we must also briefly consult Wyo. Stat. Ann. §§ 6–2–314, 6–2–316, and 6–2–317 (LexisNexis 2009):

### § 6–2–314. Sexual abuse of a minor in the first degree; penalties.

(a) An actor commits the crime of sexual abuse of a minor in the first degree if:

(i) Being sixteen (16) years of age or older, the actor inflicts sexual intrusion on a victim who is less than thirteen (13) years of age;

(ii) Being eighteen (18) years of age or older, the actor inflicts sexual intrusion on a victim who is less than eighteen (18) years of age, and the actor is the victim's legal guardian or an individual specified in W.S. 6–4–402;

(iii) Being eighteen (18) years of age or older, the actor inflicts sexual intrusion on a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

(b) A person convicted under subsection (a) of this section is subject to imprisonment for not more than fifty (50) years, unless the person convicted qualifies under W.S. 6–2–306(e).[3]

### § 6–2–316. Sexual abuse of a minor in the third degree.

(a) Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6–2–314 and 6–2–315, an actor commits the crime of sexual abuse of a minor in the third degree if:

(i) Being seventeen (17) years of age or older, the actor engages in sexual

---

2. "Sexual intrusion" means:

(A) Any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse; or

(B) Sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission.

Wyo. Stat. Ann. § 6–2–301(a)(vii) (LexisNexis 2009).

3. Wyo. Stat. Ann. § 6–2–306(e) (LexisNexis 2009) provides:

(e) An actor who is convicted of sexual abuse of a minor under W.S. 6–2–314 or 6–2–315 shall be punished by life imprisonment without parole if the actor has one (1) or more previous convictions for a violation of W.S. 6–2–302 through 6–2–304, 6–2–314 or 6–2–315, or a criminal statute containing the same or similar elements as the crimes defined by W.S. 6–2–302 through 6–2–304, 6–2–314 or 6–2–315, which convictions resulted from charges separately brought and which arose out of separate occurrences in this state or elsewhere.

contact with a victim who is thirteen (13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor;

(ii) Being twenty (20) years of age or older, the actor engages in sexual intrusion with a victim who is either sixteen (16) or seventeen (17) years of age, and the victim is at least four (4) years younger than the actor, and the actor occupies a position of authority in relation to the victim;

(iii) Being less than sixteen (16) years of age, the actor inflicts sexual intrusion on a victim who is less than thirteen (13) years of age, and the victim is at least three (3) years younger than the actor; or

(iv) Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.

(b) A person convicted under subsection (a) of this section is subject to imprisonment for not more than fifteen (15) years.

(c) A person charged with violating the provisions of paragraph (a)(iii) of this section shall be subject to the original jurisdiction of the juvenile court, except the matter may be transferred to the district court having jurisdiction of the offense as provided in W.S. 14–6–237.

### § 6–2–317. Sexual abuse of a minor in the fourth degree.

(a) Except under circumstance constituting sexual abuse of a minor in the first, second or third degree as defined by W.S. 6–2–314 through 6–2–316, an actor commits the crime of sexual abuse of a minor in the fourth degree if:

(i) Being less than sixteen (16) years of age, the actor engages in sexual contact with a victim who is less than thirteen (13) years of age, and the victim is at least three (3) years younger than the actor; or

(ii) Being twenty (20) years of age or older, the actor engages in sexual contact with a victim who is either sixteen (16) or seventeen (17) years of age, and the victim is at least four (4) years younger than the actor, and the actor occupies a position of authority in relation to the victim.

(b) A person convicted under subsection (a) of this section is subject to imprisonment for not more than five (5) years.

(c) A person charged with violating the provisions of paragraph (a)(i) of this section shall be subject to the original jurisdiction of the juvenile court, except the matter may be transferred to the district court having jurisdiction of the offense as provided in W.S. 14–6–237.

[¶ 4] On March 1, 2008, Crain (who was 22 years, four months and 17 days of age) engaged in consensual sexual intercourse with her male victim (who was 15 years, five months and eight days of age) in the backseat of a car. As noted above, Crain entered a conditional plea of guilty to the charged offense, reserving the right to appeal the issues raised herein. Crain raised both of the issues recited above in a motion to dismiss filed in the district court, and the district court denied that motion.

\*　　\*　　\*　　\*　　\*　　\*

[¶ 5] In Case No. S–09–0002, *Michael May v. State of Wyoming,* May entered pleas of guilty to one count of violating Wyo. Stat. Ann. § 6–2–316(a)(i) (LexisNexis 2009) and one count of violating § 6–2–316(a)(iv):

### § 6–2–316. Sexual abuse of a minor in the third degree; penalties.

(a) Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6–2–314 and 6–2–315, an actor commits the crime of sexual abuse of a minor in the third degree if:

(i) *Being seventeen (17) years of age or older, the actor engages in sexual contact[4] with a victim who is thirteen*

---

**4.** " 'Sexual contact' means touching, with the intention of sexual arousal, gratification or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of

*(13) through fifteen (15) years of age, and the victim is at least four (4) years younger than the actor;*

(ii) Being twenty (20) years of age or older, the actor engages in sexual intrusion with a victim who is either sixteen (16) or seventeen (17) years of age, and the victim is at least four (4) years younger than the actor, and the actor occupies a position of authority in relation to the victim;

(iii) Being less than sixteen (16) years of age, the actor inflicts sexual intrusion on a victim who is less than thirteen (13) years of age, and the victim is at least three (3) years younger than the actor; or

*(iv) Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.*

(b) A person convicted under subsection (a) of this section is subject to imprisonment for not more than fifteen (15) years.

(c) A person charged with violating the provisions of paragraph (a)(iii) of this section shall be subject to the original jurisdiction of the juvenile court, except the matter may be transferred to the district court having jurisdiction of the offense as provided in W.S. 14–6–237. [Emphasis added.]

■ [¶ 6] The victim in this case was 15 years, four months, and 25 days old. May was 39 years old. The record indicates that May was first seen sitting on a bed in his boxer shorts and the victim was standing between his legs facing him, naked from the waist down. About five minutes later May was seen in bed with the victim, his shorts pulled down to his mid thighs, and the victim atop him with her naked genitals over May's naked genitals. As noted above, May entered conditional pleas of guilty to the charged offenses, reserving the right to appeal the issues raised herein. May did not raise either of these two issues in the district

court. However, the issues have been raised in Crain's case and we deem the prompt construction of these statutes to be issues of significant public importance. See *Stokes v. State,* 2006 WY 134, ¶¶ 6–11, 144 P.3d 421, 423–24 (Wyo.2006) (we review constitutional challenge not raised in district court for plain error; "immodest, immoral, or indecent liberties" not unconstitutionally vague). Thus, we will substantively apply our decision of the issues raised herein to both cases.

## DISCUSSION

### Statutory Construction

■ [¶ 7] Crain and May first contend that the statutes under which they were convicted should be construed to mean that if the victim is one day or more past his/her 15th birthday, then the respective statutes do not criminalize the conduct at issue in these cases.

[¶ 8] We begin our discussion by reciting our most elementary rules of statutory construction:

Statutory interpretation is a question of law which we review *de novo. In re Estate of Seader,* 2003 WY 119, ¶ 23, 76 P.3d 1236, 1244 (Wyo.2003). "[T]he plain, ordinary, and usual meaning of words used in a statute controls in the absence of clear statutory provisions to the contrary." *Keser v. State,* 706 P.2d 263, 266 (Wyo. 1985). "[W]here there is plain, unambiguous language used in a statute there is no room for construction, and a court may not properly look for and impose another meaning." *Id.* "[W]here legislative intent is discernible a court should give effect to that intent." *Id.*

*Harris v. State,* 2006 WY 76, ¶ 11, 137 P.3d 124, 128 (Wyo.2006).

■ [¶ 9] Of particular importance here is our long-standing rule that we read statutes relating to the same subject *in pari materia,* which means that they "may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." *Black's Law Dictionary,* 807 (8th ed. 2004);

the victim's or actor's intimate parts[.]" Wyo. Stat. Ann. § 6–2–301(a)(vi) (LexisNexis 2009).

see *Shaw v. State,* 2009 WY 18, ¶ 27, 201 P.3d 1108, 1114 (Wyo.2009); and *Schafer v. State,* 2008 WY 149, ¶ 9, 197 P.3d 1247, 1249 (Wyo. 2008). We have set out several of the sexual assault statutes that are interrelated above. When we look at them as a tightly structured scheme of statutory protections designed to effectuate a method of carefully crafted gradations within the subject of sexual assault crimes, then it is readily evident that the Appellants' argument that victims between the age of exactly 15 years and one day through 15 years and 364 days (365 in a leap year) are not protected by the statute is absurd. It is another time-honored principle of statutory construction that we will not construe statutes in such a manner as to render any portion of the statute meaningless or to produce an absurd result. *Brown v. State,* 2004 WY 119, ¶ 8, 99 P.3d 489, 492 (Wyo.2004). Our conclusion is that the statutes under challenge are not ambiguous and that their meaning and scope can be readily determined by reading the sexual assault statutes *in pari materia.* Our holding is consistent with that of the Supreme Court of Iowa in *State v. Mitchell,* 568 N.W.2d 493, 500–501 (Iowa 1997):

> Iowa Code section 709.4(2)(c) is commonly referred to as the statutory rape provision. It provides that a sex act between persons not cohabiting as husband and wife constitutes third-degree sexual abuse if the victim is "fourteen or fifteen years of age" and the defendant is "five or more years older than" the victim.
>
> R.C.S. was fifteen years, ten months, and five days old on the date of her alleged sexual abuse. Thus, Mitchell argues, R.C.S. was not fifteen, but was in fact over fifteen and she ceased to be fifteen the day after her fifteenth birthday. Mitchell raised these arguments in his motion for judgment of acquittal, which the district court overruled.
>
> Mitchell's arguments raise a statutory interpretation question. Our scope of review involving the interpretation of a statute is at law. *State v. Haberer,* 532 N.W.2d 757, 758 (Iowa 1995).
>
> For his remarkable position, Mitchell relies heavily on *Knott v. Rawlings,* 250 Iowa 892, 96 N.W.2d 900 (1959). In *Knott,* this court interpreted a statute that covered children "of the age of sixteen years, or under." *Knott,* 250 Iowa at 893, 96 N.W.2d at 901. The court was called upon to answer the question whether one who is sixteen years, six months, and three days old is "a child of the age of sixteen years, or under" within the contemplation of the statute. *Id.* at 894, 96 N.W.2d at 901. Answering the question in the negative, the court said:
>
>> A child is one year old on the first anniversary of his birth and is sixteen years old on the sixteenth anniversary. Before the sixteenth anniversary he is under the age of sixteen and after that anniversary he is over the age of sixteen. Sixteen years is an exact and definite period of time. It does not mean or include sixteen years and six months. We should be realistic and not read something into the statute which is not there and which clearly was not intended to be there. This is a criminal statute and cannot be added to by strained construction.
>
> *Id.*
>
> We agree with the State that *Knott* is distinguishable because the statute in *Knott* employed the language "sixteen years, or under" and the present statute reads "fifteen years of age." The words "or under" made it clear that the legislature did not intend to include anyone who was a day over sixteen. *Id.*
>
> Moving to the present statute, we think the State's common usage example is convincing. A person's common response to a question about his or her age is to state only the age at the last anniversary of birth. One does not add the additional months and days over that anniversary. We think this is the sense in which the legislature used the words "fifteen years of age" in the present statute. Thus, "fifteen years of age" would include all the months and days over fifteen until the person reaches the sixteenth anniversary of his or her birth.
>
> As the State points out, a contrary interpretation would yield an absurd result. The statute prohibits a sex act with a

person "fourteen or fifteen years of age." Mitchell's interpretation would prohibit a defendant from having sexual intercourse with a young girl on her fourteenth birthday but would allow him to do so for the 364 days thereafter until she reaches her fifteenth birthday. The statute in *Knott* would not have produced a similar absurd result no matter how it was interpreted. See *State v. Green*, 470 N.W.2d 15, 18 (Iowa 1991) (holding that court interprets a statute to avoid absurd results even when a literal interpretation would yield a contrary result).

The district court correctly concluded that because R.C.S. had not yet reached her sixteenth birthday when the alleged sexual abuse occurred, she was fifteen years of age.

[¶ 10] Appellants further contend that the "rule of lenity" requires that their proposed construction of the statutes be adopted by this Court. However, we have long held that where the statute under consideration is unambiguous, the rule of lenity has no role to play. *Fraternal Order of Eagles Sheridan v. State*, 2006 WY 4, ¶¶ 16–17, 126 P.3d 847, 855 (Wyo.2006); and see generally 3 Singer and Singer, *Statutes and Statutory Construction*, Chapter 59 (**Punitive Legislation**), esp. § 59:4 at 184–207 (7th ed. 2008).

### Constitutionality—Vague as Applied

[¶ 11] Appellants also contend that the statutes at issue are so uncertain in their meaning that persons of ordinary intelligence might be required to guess at their meaning and, thus, they are unconstitutionally vague as applied to the facts and circumstances of these two cases.

[¶ 12] The standard of review we apply in circumstances such as these is well-known. Such a challenge is reviewed *de novo*:

In conducting such review, we accept as true the facts evident from the stipulated record, affording the State every favorable inference that may be drawn therefrom.

Under the constitutions of Wyoming and the United States, our legislature may not promulgate vague or uncertain statutes. *Moore v. State*, 912 P.2d 1113, 1114 (Wyo. 1996). Consistent with principles of due process, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Griego v. State*, 761 P.2d 973, 975 (Wyo.1988) (quoting *Kolender v. Lawson*, 461 U.S. 352, [357], 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). A statute may be challenged for vagueness on its face or as applied to particular conduct. *Griego*, 761 P.2d at 975.

. . . .

When "a statute is challenged on an 'as applied' basis, the court examines the statute solely in light of the complainant's specific conduct." *Giles* [v. *State*, 2004 WY 101, ¶ 15, fn.2, 96 P.3d 1027 (Wyo. 2004)]. In determining whether a statute is unconstitutionally vague as applied to a defendant's conduct, "we must decide whether the statute provides sufficient notice to a person of ordinary intelligence that appellant's conduct was illegal and whether the facts of the case demonstrate arbitrary and discriminatory enforcement." *Lovato* [v. *State*], 901 P.2d [408] at 412 [(Wyo. 1995)] (citing *Griego*, 761 P.2d at 976). Mr. Rabuck does not allege discriminatory enforcement. He does, however, contend that the statute fails to provide him sufficient notice that his conduct would violate the terms of the statute. In evaluating the sufficiency of the notice, we must consider: (1) the statutory language and any prior court decisions which have placed a limiting construction on the statute or have applied it to specific conduct; and (2) whether the statute has been previously applied to conduct identical to that of appellant. *Giles*, ¶ 23 (citing *Griego*, 761 P.2d at 976).

*Rabuck v. State*, 2006 WY 25, ¶¶ 13–14, 16, 129 P.3d 861, 864–65 (Wyo.2006); also see *Sanderson v. State*, 2007 WY 127, ¶¶ 12, 30–31, 165 P.3d 83, 88, 92 (Wyo.2007); *Keser v. State*, 706 P.2d 263, 265–68 (Wyo.1985).

[¶ 13] Crain and May construct their assertion that the statutes are vague as applied

to the circumstances of their cases on essentially the same basis as that brought forward in their statutory construction argument, i.e., that use of the language "through fifteen (15) years of age" is insufficient to give notice that the conduct that occurred in these cases would violate the terms of the statute. As set out more fully above, we conclude that when the statute is read *in pari materia* with all the sexual assault statutes, and giving the words contained therein their ordinary and usual meaning, there is no uncertainty as to the reach of the statutes at issue here.

## CONCLUSION

[¶ 14] We reject both the Appellants' statutory construction contentions, as well as the unconstitutionally vague as applied challenges. The judgments and sentences of the district courts are affirmed.