**2014 UT App 280**

## THE UTAH COURT OF APPEALS

ROMIE H. MILLER III,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Per Curiam Decision
No. 20140510-CA
Filed November 28, 2014

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 140900132

Romie H. Miller III, Appellant Pro Se

Before Judges GREGORY K. ORME, JAMES Z. DAVIS, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1      Romie H. Miller III appeals the dismissal of his petition for a determination of factual innocence.[1] We affirm.

¶2      On direct appeal, we affirmed Miller's conviction on ten counts of sexual exploitation of a minor, a second degree felony. *See State v. Miller*, 2004 UT App 445, 104 P.3d 1272. We noted that "part of Defendant's defense was that he collected the photographs to later provide them to federal law enforcement authorities." *Id.* ¶ 19. Thus, Miller's "intent in possessing the child pornography was a significant question for the jury to determine." *Id.*

---

1. Because the State was not required to respond to the petition, the State also did not appear on appeal.

¶3      In 2014, Miller filed a petition seeking a determination of factual innocence. *See* Utah Code Ann. § 78B-9-402 (LexisNexis Supp. 2013). Utah Code section 78B-9-402(1) allows a person convicted of a felony to petition the district court "for a hearing to establish that the person is factually innocent of the crime or crimes of which the person was convicted." *Id.* § 78B-9-402(1). The petition shall assert factual innocence under oath and "aver, with supporting affidavits or other credible documents that . . . newly discovered material evidence exists that, if credible, establishes that the petitioner is factually innocent." *Id.* § 78B-9-402(2)(a). "Newly discovered material evidence" in support of a petition for a determination of factual innocence is "evidence that was not available to the petitioner at trial . . . and which is relevant to the determination of the issue of factual innocence." *Id.* § 78B-9-401.5(3) (2012). To assert a claim of factual innocence, Miller must aver under oath that he did not "engage in the conduct for which [he] was convicted." *Id.* § 78B-9-401.5(2). However, "[i]f it is apparent to the court that the petitioner is either merely relitigating facts, issues, or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face," the court shall dismiss the petition." *Id.* § 78B-9-402(9)(b).

¶4      Miller's petition attached heavily redacted pages that were delivered by the FBI to Miller's trial counsel that might suggest that Miller provided information to the FBI in 1994. The petition was also accompanied by two affidavits dated in 2003 in which the affiants repeated Miller's statements to them that he was collecting images constituting child pornography with the intent to turn the material over to law enforcement. Miller also claims that his trial counsel was ineffective in refusing to subpoena teachers from a junior high school, where he apparently had served in a volunteer capacity, that he exhibited exemplary conduct toward the students. Finally, Miller challenged the sufficiency of the evidence to support his convictions and argued both that his trial counsel was ineffective and that the prosecutor engaged in misconduct.

¶5      The district court determined that Miller "failed to set forth any newly discovered evidence" and that the allegations of

ineffective assistance of counsel and prosecutorial misconduct would not, if proven, establish that he did not engage in the conduct for which he was convicted. The court further found that Miller sought to relitigate the underlying facts and issues presented at trial. Finally, the court concluded that arguments regarding the sufficiency of the evidence are not properly addressed through a factual innocence petition.

¶6 An appellate court reviews "de novo the district court's summary adjudication of [a] factual innocence [petition]." *State v. Gressman*, 2013 UT 63, ¶ 6, 323 P.3d 998.

> [A] petitioner seeking a factual innocence determination may not merely attack the sufficiency of the evidence supporting his conviction or attempt to overturn an adjudication of guilt on technical grounds; the petitioner must affirmatively prove innocence of both the crime for which the petitioner was convicted and any related criminal conduct by clear and convincing evidence.

*Id.* ¶ 39. In *Brown v. State*, 2013 UT 42, 308 P.3d 486, the Utah Supreme Court stated that the procedure for determination of a factual innocence petition "contemplates a two-stage process." *Id.* ¶ 40. Only if a petitioner meets the "threshold burden" to obtain a hearing does the post-conviction court turn to the second stage of the process. *Id.*

¶7 Miller first challenges the district court's finding that the petition failed to set forth newly discovered evidence that would establish factual innocence. Miller claims the evidence "was new to the trial court [and] is thus admissible because counsel deliberately failed to exercise reasonable diligence in uncovering and entering the documents into evidence." Miller relies upon Utah Code section 78B-9-402(3)(b), which states, "*Upon entry of a finding that the petition is sufficient under Subsection (2)(a)*, the court shall then review the petition to determine if Subsection (3)(a) has been satisfied." Utah Code Ann. § 78B-9-402(3)(b) (emphasis

added). The district court was not required to apply subsection (3)(a) because it found the petition to be insufficient under subsection (2)(a). Furthermore, Miller could not satisfy subsection (3)(a) because the evidence was known to Miller and his trial counsel at the time of trial, and no court has found ineffective assistance based upon a failure to uncover this evidence.

¶8     We affirm.

_____