BOOMGAARDEN, Justice.
[¶1] Thirty-eight years after his convictions for first degree murder and assault and battery with felonious intent, Appellant Derrick Raymond Parkhurst, pro se, seeks exoneration under the newly enacted Post-Conviction Determination of Factual Innocence Act, Wyo. Stat. Ann. §§ 7-12-401 through 407 (LexisNexis Supp. 2018). The district court dismissed Mr. Parkhurst's petition because it lacked documentation of any newly discovered evidence that would establish his innocence. We affirm.
*835 ISSUE
[¶2] We frame the issue for review as:
Did the district court err when it dismissed Mr. Parkhurst's petition for post-conviction determination of factual innocence?
FACTS
[¶3] We set forth the facts leading to Mr. Parkhurst's convictions in Parkhurst v. State :
At approximately 11:45 p.m. on October 29, 1978, the home of Dennis and Christina Baird, located in Glenrock, Wyoming, was entered by force. The assailants kicked open the front door and went inside. Wade Dugger, a house guest who was sleeping in the front room on a couch, awoke to the sound of a shotgun blast which hit the Bairds' dog as it ran into the room. Mr. Dugger stood up and he too was shot. The blast knocked him backwards into the adjoining bedroom in which the Baird children were sleeping. Dennis and Christina Baird jumped out of bed to investigate the commotion. As they approached the door into the front room, Dennis pushed his wife back into the bedroom and indicated that she should wait. He then went around the door and was instantly shot. His body, recoiling from the shotgun blast, landed at Christina's feet. Desperate for help, she headed out of the bedroom and then saw Derrick Parkhurst, one of the appellants, running out the front door. When she went to check on her children, she discovered that Mr. Dugger was seriously injured. She asked if he was all right and he responded, "no," and then said, "Derrick." Ms. Baird then ran next door for help.
When the police arrived, a witness told them that he had seen two males fleeing the scene in a blue or green Ford Fairlane and that he had followed the car far enough to see it heading out of town towards Douglas, Wyoming. The police, upon entering the house, determined that Dennis Baird was dead but that Wade Dugger was still alive. While awaiting the arrival of an ambulance, Ms. Baird informed the police that Dennis and Derrick Parkhurst were the assailants. A police officer then asked Mr. Dugger if he knew who shot him. Unable to understand the response, the officer queried if it had been Derrick and Mr. Dugger indicated yes; Dugger survived to testify.
628 P.2d 1369, 1372 (Wyo. 1981) (footnote omitted). Police soon located the vehicle observed leaving the scene and ordered Mr. Parkhurst and his brother, Dennis, to exit the vehicle. Id. at 1372-73. On Mr. Parkhurst's advice, his brother consented to a search. Id. at 1373. In the trunk, police discovered a .22 caliber rifle and 12-gauge shotgun which was later matched to the spent shells found at the scene of the murder. Id. Police also determined that the shotgun had recently been fired. Id.
[¶4] After the jury found Mr. Parkhurst guilty of first degree murder and assault and battery with felonious intent, he filed a direct appeal, claiming the officers illegally obtained evidence, and that the arresting officer impermissibly commented at trial on Mr. Parkhurst's right to remain silent. Id. at 1371-72. We found no error and affirmed his convictions. Id. at 1382.
[¶5] Mr. Parkhurst thereafter filed several petitions for post-conviction relief, a motion for writ of habeas corpus, and a petition for writ of certiorari requesting reinstatement of his direct appeal, among other pleadings. Mr. Parkhurst also sought habeas corpus relief in federal court. See Parkhurst v. Shillinger , 128 F.3d 1366 (10th Cir. 1997). None of his efforts to overturn his convictions proved successful.
[¶6] In 2016, Mr. Parkhurst filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. Rule 35(a), alleging ineffective assistance of trial counsel, inter alia . The district court denied the motion because Mr. Parkhurst's claims were not raised in a timely petition for post-conviction relief and were otherwise barred by res judicata. We dismissed Mr. Parkhurst's subsequent appeal for lack of jurisdiction, concluding that his Rule 35(a) motion improperly attempted to challenge his underlying convictions. Parkhurst v. State , No. S-17-0305 (Wyo. April 30, 2018) (order dismissing appeal ).
[¶7] Most recently, Mr. Parkhurst filed a petition for exoneration pursuant to the Post-Conviction *836 Determination of Factual Innocence Act (the Factual Innocence Act), Wyo. Stat. Ann. §§ 7-12-401 through 407. He argued that the Factual Innocence Act created a new avenue for post-conviction relief and, thus, his claims were no longer time barred under Wyo. Stat. Ann. § 7-14-103(d) (LexisNexis 2017) or by the doctrine of res judicata. In his petition, Mr. Parkhurst alleged that his trial counsel, Wyatt Skaggs, was ineffective because: (1) he was operating under a conflict of interest after Mr. Parkhurst's father allegedly threatened Mr. Skaggs' life shortly before trial and, due to the threat, the district court permitted Mr. Skaggs' investigator to be armed during trial; and (2) Mr. Skaggs did not present any defense and erred by failing to request a jury instruction on manslaughter, because Mr. Parkhurst acted out of fear and terror.[1] He also alleged that the State violated his due process rights because he believed the State lost the trial transcripts. He made no further allegations.
[¶8] The district court dismissed the petition because it lacked any documentation of newly discovered evidence that would establish Mr. Parkhurst's innocence. The district court also noted that Mr. Parkhurst's arguments reflected a "fixation" on his claim that he received ineffective assistance of counsel and that he failed to show how his allegations of missing transcripts, even if true, supported a claim for relief under the factual innocence statutes.[2] This timely appealed followed.
STANDARD OF REVIEW
[¶9] Statutory interpretation presents a question of law, which we review de novo. Dougherty v. State , 2010 WY 116, ¶ 4, 237 P.3d 403, 404 (Wyo. 2010) (citation omitted). We also conduct a de novo review of a district court's summary adjudication of a factual innocence petition. See Wyo. Stat. Ann. § 7-12-403(c) (requiring the district court to dismiss, without prejudice, a petition failing to meet the statutory requirements); Miller v. State , ¶ 6, 340 P.3d 795, 796 (UT App. 2014) ("An appellate court reviews 'de novo the district court's summary adjudication of [a] factual innocence [petition].' ") (quoting Gressman v. State , ¶ 6, 323 P.3d 998, 1001 (UT 2013) ); see also People v. Laiwala , 143 Cal.App.4th 1065, 1069, 49 Cal.Rptr.3d 639, 642 (2006) (reviewing de novo the trial court's determination of a factual innocence petition).
DISCUSSION
[¶10] The legislature passed the Factual Innocence Act in 2018 to allow a person convicted of a felony offense to petition the court for exoneration if the person can establish that he is factually innocent of the convicted crime(s). See generally Wyo. Stat. Ann. §§ 7-12-401 through 407. On receipt of a petition filed under the Factual Innocence Act, the district court is required to review the petition and specifically find whether the petition has satisfied each of the requirements set forth in Wyo. Stat. Ann. § 7-12-403(b).[3] Wyo. Stat. Ann. § 7-12-403(c). If the *837 petition fails to meet each of subsection (b)'s requirements, the statute expressly mandates that the court dismiss the petition without prejudice. Id.
[¶11] Mr. Parkhurst's petition for exoneration asserts only that his constitutional rights to effective assistance of counsel and due process were violated. The petition does not assert or establish any bona fide issue of factual innocence.[4] Consequently, the district court did not err when it found that Mr. Parkhurst's petition wholly failed to comply with the Factual Innocence Act's requirements and dismissed the petition without prejudice.
[¶12] Mr. Parkhurst acknowledges that his petition seeks redress of his perceived constitutional rights violations. He further recognizes that his claims are time-barred under the post-conviction relief statutes, Wyo. Stat. Ann. §§ 7-14-101 through 108 (LexisNexis 2017).[5] He contends, however, that his constitutional claims are no longer time-barred if the Factual Innocence Act is read in pari materia with the post-conviction relief statutes. He reasons that because the legislature passed the Factual Innocence Act without including a statute of limitations and amended the post-conviction relief statutes in the same bill, the legislature intended for the Factual Innocence Act to encompass all post-conviction relief claims regardless of whether those claims were previously time barred. Established rules of statutory construction defeat Mr. Parkhurst's argument.
[¶13] We read statutes in pari materia only when the statutes relate to the same subject. Crain v. State , 2009 WY 128, ¶ 9, 218 P.3d 934, 938-39 (Wyo. 2009) (citations omitted). We do this "so that inconsistencies in one statute may be resolved by looking at another statute on the same subject." Id. (quoting Black's Law Dictionary , 807 (8th ed. 2004)). "[W]here there is plain, unambiguous language used in a statute there is no room for construction, and a court may not properly look for and impose another meaning." Harris v. State , 2006 WY 76, ¶ 11, 137 P.3d 124, 128 (Wyo. 2006) (quoting Keser v. State , 706 P.2d 263, 266 (Wyo. 1985) ). "[W]here legislative intent is discernible a court should give effect to that intent." Id .
[¶14] The scope of the Factual Innocence Act is plainly limited to claims of factual innocence based on newly discovered evidence. See Wyo. Stat. Ann. § 7-12-403(b) (requiring every petition filed pursuant to the Factual Innocence Act to "contain an assertion of factual innocence" supported by "newly discovered evidence"). While the statutes Mr. Parkhurst contends should be read in pari materia involve post-conviction relief claims, they do not relate to claims based on newly discovered evidence. Compare id. , with Wyo. Stat. Ann. § 7-14-101 (allowing post-conviction relief claims for violation of federal or state constitutional rights) and Wyo. Stat. Ann. §§ 1-27-101 through 134 (LexisNexis 2017) (limiting state habeas corpus relief to jurisdictional claims). Even if these statutes related to the same subject, Mr. Parkhurst has not identified any inconsistency within the Factual Innocence Act in *838 need of resolution, or any ambiguity in need of construction. We cannot, under the guise of statutory construction, expand the scope of the Factual Innocence Act to provide post-conviction relief for constitutional claims, as Mr. Parkhurst suggests. Mr. Parkhurst's claims are subject to the express statutory requirements of the Factual Innocence Act.
CONCLUSION
[¶15] Mr. Parkhurst failed to comply with statutory requirements of the Factual Innocence Act. His claims fall outside of that Act's express parameters. The district court did not err when it dismissed Mr. Parkhurst's petition for exoneration without prejudice.
[¶16] Affirmed.

Mr. Parkhurst raised ineffective assistance of counsel claims in the 1993 petition for writ of certiorari, the 1994 federal habeas corpus action, the 1997 amended post-conviction relief petition, the 2008 petition for post-conviction relief, and the 2016 Rule 35(a) motion. Parkhurst , 128 F.3d at 1367-68 (describing the ineffective assistance of counsel claims made in the 1993 petition for writ of certiorari and the 1994 federal habeas corpus action).

The State did not lose the trial transcripts; they are contained in the record on appeal.

Specifically, Wyo. Stat. Ann. § 7-12-403(b) provides:
(b) The petition shall contain an assertion of factual innocence under oath by the petitioner and shall aver, with supporting affidavits or other credible documents, that:
(i) Newly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence;
(ii) The specific evidence identified by the petitioner establishes innocence and is material to the case and the determination of factual innocence;
(iii) The material evidence identified by the petitioner is not merely cumulative of evidence that was known, is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence;
(iv) When viewed with all other evidence in the case, whether admitted during trial or not, the newly discovered evidence demonstrates that the petitioner is factually innocent; and
(v) Newly discovered evidence claimed in the petition is distinguishable from any claims made in prior petitions.

Because the record contains Mr. Parkhurst's admissions he intended to shoot and kill Wade Dugger and Dennis Baird, albeit out of fear and terror, and that he "committed manslaughter," it is difficult to imagine how Mr. Parkhurst could credibly assert "factual innocence" as the legislature defined that phrase. "Factual innocence" means a person:
(A) Did not engage in the conduct for which he was convicted;
(B) Did not engage in conduct constituting a lesser included or inchoate offense of the crime for which he was convicted; and
(C) Did not commit any other crime arising out of or reasonably connected to the facts supporting the indictment or information upon which he was convicted.
Wyo. Stat. Ann. § 7-12-402(a)(ii). "A person is guilty of manslaughter if he unlawfully kills any human being without malice, expressed or implied, ... [v]oluntarily, upon a sudden heat of passion..." and voluntary manslaughter is a lesser-included offense of first degree murder. Wyo. Stat. Ann. § 6-2-105 (LexisNexis 2017) ; Sanders v. State , 7 P.3d 891, 894 (Wyo. 2000) (citation omitted).

Wyo. Stat. Ann. § 7-14-103(d) states: "No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered."