171 P.3d 1077 (2007)
2007 WY 189
In the Interest of MN, S(e)N, S(h)N.
LM, Appellant(Respondent),
v.
Laramie County Department of Family Services, Appellee (Petitioner).
No. C-06-12.
Supreme Court of Wyoming.
December 5, 2007.
*1079 Representing Appellant: Dameione S. Cameron of Parsons Law Offices, P.C., Cheyenne, Wyoming. Argument by Mr. Cameron.
Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Dan S. Wilde, Senior Assistant Attorney General; Sue Chatfield, Senior Assistant Attorney General; and Nancy D. Conrad, Assistant Attorney General. Argument by Ms. Chatfield.
Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.
VOIGT, Chief Justice.
[¶ 1] The appellant appeals the termination of her parental rights, arguing, among other things, that no guardian ad litem was appointed to represent her children. Finding that issue to be dispositive, we reverse and remand to the district court for further proceedings consistent herewith.

FACTS
[¶ 2] The Laramie County Department of Family Services filed a petition to terminate the appellant's parental rights to her three children on March 1, 2006. The petition was heard on June 7, 2006. It is uncontested that no guardian ad litem was appointed to represent the children in the proceedings. On July 26, 2006, the district court entered a document entitled Findings of Fact and Conclusions of Law, the effect of which was to terminate the appellant's parental rights to her children.[1]

STATUTES
[¶ 3] A petition to terminate parental rights must be brought pursuant to Wyoming's Termination of Parental Rights Act, which is found at Wyo. Stat. Ann. §§ 14-2-308 et seq. (LexisNexis 2007). Wyo. Stat. Ann. § 14-2-312 requires in pertinent part as follows:
After the petition has been filed, the court shall appoint a guardian ad litem to represent the child unless the court finds the interests of the child will be represented adequately by the petitioner or another party to the action and are not adverse to that party. . . .

DISCUSSION
[¶ 4] The question before the Court is purely one of statutory construction. That is, does the language of Wyo. Stat. Ann. § 14-2-312 give the district court any choice other than (1) to appoint a guardian ad litem for the children, or (2) to find that no guardian ad litem is required because the interests of the children will be represented by the petitioner or another party? Our rules of statutory construction are well known:
This court interprets statutes by giving effect to the legislature's intent. . . . We *1080 begin by making an inquiry relating to the ordinary and obvious meaning of the words employed according to their arrangement and connection. . . . We give effect to every word, clause, and sentence and construe together all components of a statute in pari materia. . . . Statutory interpretation is a question of law. . . . We review questions of law de novo without affording deference to the district court's decision. Worcester v. State, 2001 WY 82, ¶ 13, 30 P.3d 47, 52 (Wyo.2001). If a statute is clear and unambiguous, we simply give effect to its plain meaning. Wesaw v. Quality Maintenance, 2001 WY 17, ¶ 13, 19 P.3d 500, 506 (Wyo.2001) (quoting In re Claim of Prasad, 11 P.3d 344, 347 (Wyo. 2000)). Only when we find a statute to be ambiguous do we resort to the general principles of statutory construction. Wesaw, 2001 WY 17, ¶ 13, 19 P.3d at 506 (quoting In re Claim of Prasad, 11 P.3d at 347). An ambiguous statute is one whose meaning is uncertain because it is susceptible to more than one interpretation. Pierson v. State, 956 P.2d 1119, 1125 (Wyo. 1998) (quoting Amrein v. State, 836 P.2d 862, 864-65 (Wyo.1992)).
It is a basic rule of statutory construction that courts may try to determine legislative intent by considering the type of statute being interpreted and what the legislature intended by the language used, viewed in light of the objects and purposes to be accomplished. . . .
We are guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole. In re Worker's Compensation Claim of Johnson, 2001 WY 48, ¶ 8, 23 P.3d 32, 35 (Wyo.2001) (quoting In re Hernandez, 8 P.3d 318, 321 (Wyo.2000) and Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n, 845 P.2d 1040, 1045 (Wyo.1993)). Each word of a statute is to be afforded meaning, with none rendered superfluous. Jessen v. Burry, 13 P.3d 1118, 1120 (Wyo. 2000). Further, the meaning afforded to a word should be that word's standard popular meaning unless another meaning is clearly intended. Soles v. State, 809 P.2d 772, 773 (Wyo.1991). If the meaning of a word is unclear, it should be afforded the meaning that best accomplishes the statute's purpose. Radalj v. Union Savings & Loan Ass'n, 59 Wyo. 140, 138 P.2d 984, 996 (1943).
Union Pac. Res. Co. v. Dolenc, 2004 WY 36, ¶ 13, 86 P.3d 1287, 1291-92 (Wyo.2004) (quoting Rodriguez v. Casey, 2002 WY 111, ¶¶ 9-10, 50 P.3d 323, 326-27 (Wyo.2002)).
[¶ 5] In particular, we have repeatedly found the word "shall" in a statute to be mandatory. Stutzman v. Office of Wyo. State Eng'r, 2006 WY 30, ¶ 17, 130 P.3d 470, 475 (Wyo.2006) ("Where the legislature uses the word `shall,' this Court accepts the provision as mandatory and has no right to make the law contrary to what the legislature prescribed."); see also Merrill v. Jansma, 2004 WY 26, ¶ 42, 86 P.3d 270, 288 (Wyo.2004); and In re DCP, 2001 WY 77, ¶ 16, 30 P.3d 29, 32 (Wyo.2001). "The choice of the word `shall' intimates an absence of discretion. . . ." In re LePage, 2001 WY 26, ¶ 12, 18 P.3d 1177, 1180 (Wyo.2001).
[¶ 6] Application of these rules of construction leads us readily to the conclusion that Wyo. Stat. Ann. § 14-2-312 is an unambiguous mandatory statute that does not allow the district court discretion not to appoint a guardian ad litem or not to make the appropriate record findings that no guardian ad litem is required. Furthermore, the requirement that mandatory statutes be obeyed is most compelling in cases such as this, where fundamental parent/child relationships are at risk of severance. MB v. Laramie County Dep't of Family Servs., 933 P.2d 1126, 1129 (Wyo.1997) (termination of parental rights is directed toward a right that is fundamental and substantial); In re Parental Rights of PP, 648 P.2d 512, 513 (Wyo.1982) (it is a fundamental right to have custody of one's minor child), overruled on other grounds by Clark v. Alexander, 953 P.2d 145 (Wyo.1998). Although the very issue now before the Court was rendered moot by reversal on another issue, we clearly recognized in In re FM, 2007 WY 128, ¶¶ 25-26, 163 P.3d 844, 850-51 (Wyo.2007), that Wyo. Stat. Ann. § 14-2-312 is mandatory, and that *1081 the district court has no discretion beyond the two statutory options.
[¶ 7] We conclude by stating that Wyo. Stat. Ann. § 14-2-312 leaves no room for an assumption that the Department of Family Services will adequately represent the interests of the child, or children, in a termination action. In a parental rights termination action, there are many reasons why there might be a conflict between the Department and a child or, even more problematic, multiple children involved in the action. Generally, the Department is not only a party, it is the party instituting the action. In deciding whether to bring a termination action, the Department must consider not only the child(ren) and family, it must also broadly consider other concerns such as policy, pertinent statutes, and federal funding mandates. If any assumption is to be made, it should be that the complexity of the activities and operation of the Department creates the potential for numerous conflicts with the best interests of the involved child(ren). This makes it even more important for the district court to make an express finding that the Department has no conflicts with the best interests of the involved child(ren) before allowing the Department to act as a substitute for a guardian ad litem. Children have as fundamental a right to familial association as do parents. Strict adherence to Wyo. Stat. Ann. § 14-2-312 guarantees that children's rights will be protected, and failure to abide by the statute is fundamental error requiring reversal.

CONCLUSION
[¶ 8] Wyo. Stat. Ann. § 14-2-312 is an unambiguous mandatory statute that requires the district court in a parental rights termination action either to appoint a guardian ad litem to represent the involved child or children, or to make a finding that no guardian ad litem is necessary because the petitioner or another party to the action will adequately represent the interests of the child or children, and the interests of the child or children are not adverse to that party.
[¶ 9] Reversed and remanded to the district court for further proceedings consistent herewith.
NOTES
[1] U.R.D.C. 401 requires orders to be entitled so as accurately to reflect their content. The title "Findings of Fact and Conclusions of Law" does not fairly indicate that it is actually an order terminating parental rights.