2009 WY 103

Curtis TRUMBULL, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. S–08–0242.

Supreme Court of Wyoming.

Aug. 20, 2009.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender and Tina N. Kerin, Appellate Counsel. Argument by Ms. Kerin.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Meri V. Ramsey, Assistant Attorney General. Argument by Ms. Ramsey.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Curtis Trumbull (Trumbull), was convicted of two counts of third degree sexual assault under Wyo. Stat. Ann. § 6–2–304(a)(ii) (LexisNexis 2005). The vic-

tim of this crime was his own child. She was ten years old at the time the acts constituting the crimes occurred in June and early July of 2006. Trumbull was sentenced to two concurrent sentences of 4–6 years in the Wyoming State Penitentiary. In this appeal, he asserts that the evidence introduced at his trial before the district court sitting without a jury was insufficient to sustain the presiding judge's finding of guilt. He also contends that the district court erred because it did not indicate in the written sentence (or otherwise) that it had considered probation as a potential sentence. We will affirm Trumbull's convictions, but we reverse the sentences imposed and remand this matter to the district court for resentencing.

## ISSUES

[¶ 2]   Trumbull raises these issues:

I.   Was there sufficient evidence to convict [Trumbull]?

II.   Did the trial court err in sentencing when it did not consider probation?

The State rephrases those issues as follows:

I.   Did the State present sufficient evidence for the trial court to conclude, beyond a reasonable doubt, that [Trumbull] was guilty of two counts of third degree sexual assault, a violation of Wyo. Stat. Ann. § 6–2–304(a)(ii)?

II.   Did the district court properly consider probation thereby rendering harmless any error in pronouncing [Trumbull's] sentence?

## FACTS AND PROCEEDINGS

[¶ 3]   A couple of prefatory matters deserve brief mention. The record on appeal does not contain a document identified as a Judgment. See W.R.Cr.P. 32(b)(2). As a general rule, in a criminal case the trial court need not articulate detailed findings unless one of the parties requests it before the trial begins. W.R.Cr.P. 23(c). No such request was made in this case. The record does contain an "Order on July 2, 2008 Sentencing."

[¶ 4]   Trumbull was charged with, and convicted of, two counts of sexual assault in the third degree, Wyo. Stat. Ann. § 6–2–304(a)(ii) (LexisNexis 2005): [1]

(a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:

.   .   .   .

(ii) The actor is an adult and subjects a victim under the age of fourteen (14) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim;

[¶ 5]   "Sexual contact" is defined by Wyo. Stat. Ann. § 6–2–301(a)(vi) (LexisNexis 2009) thus:

(vi) "Sexual contact" means touching, with the intention of sexual arousal, gratification or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts;

[¶ 6]   " 'Intimate parts' means the external genitalia, perineum, anus or pubes of any person or the breast of a female person." Wyo. Stat. Ann. § 6–2–301(a)(ii) (LexisNexis 2009).

[¶ 7]   The only witness called by the State at trial was the victim. Her testimony was to the effect that during June and early July of 2006, she visited Trumbull at his home which he shared with his girlfriend Rachel Allen. The victim told about two events that occurred while she was staying with Trumbull. During both of those events Trumbull "massaged" the victim. The victim testified that during the massages Trumbull touched her on her "legs, arms, boobs, privates, butt, and girl spot." The victim was clothed during the massages. In order to demonstrate more clearly for the trial court, the victim pointed out the parts of her body she described, on a demonstrative exhibit. It was evident from the testimony, in combination with the exhibit, that "girl spot" referred to the vaginal area.

[¶ 8]   The Presentence Investigation Report contained a recommendation to the dis-

---

1.   The statutes that applied in this case were   substantially amended in 2007.

trict court that Trumbull be sentenced to a term of incarceration, but that the term of incarceration be suspended in favor of supervised probation, or a split-sentence with probation (jail time in local facility followed by probation). It was further recommended that Trumbull be placed in Intensive Supervised Probation and that a number of other stringent conditions be imposed in connection with his probation.

## DISCUSSION

### Sufficiency of the Evidence

[¶ 9] Trumbull was tried before the district court sitting without a jury. For its statement of the applicable standard of review, Trumbull referred only to cases that restate the jury's place in performing the role of making fact and credibility determinations. The State, on the other hand, referred only to civil or quasi-criminal cases wherein we apply the well-known "clearly erroneous" standard. To ensure there is no confusion in this regard, we quote this long-standing articulation of the pertinent standard of review:

> In discussing the facts of this case, we apply the principle that the evidence should be examined in the light most favorable to the State when a question of the sufficiency of the evidence is raised. We accept as true evidence favorable to the State; we disregard evidence favorable to the defendant in conflict with the State's evidence; and we afford to the State's evidence every favorable inference which may reasonably and fairly be drawn from it. *Harvey v. State,* Wyo., 596 P.2d 1386 (1979); *Hovee v. State,* Wyo., 596 P.2d 1127 (1979). Heretofore we have had occasion to apply these concepts only to cases tried before juries. We have no compunction, however, in joining other courts which have applied these concepts in trials to the court. *Simmons v. State,* 255 Ark. 82, 498 S.W.2d 870 (1973); *People v. Johnson,* 276 Cal.App.2d 232, 80 Cal.Rptr. 683 (1969). The function of the finder of fact in cases tried to a court is identical to that in cases tried to juries, and the same rules are applicable with respect to the standards and principles applied in appellate review.

*Fitzgerald v. State,* 599 P.2d 572, 574 (Wyo. 1979); see *Lopez v. State,* 788 P.2d 1150 1152 (Wyo.1990); *Tennant v. State,* 776 P.2d 761, 763 (Wyo.1989); *State v. Maldonado,* 108 Hawai'i 436, 121 P.3d 901, 907 (Hawai'i 2005); compare *Odhinn v. State,* 2003 WY 169, ¶ 13, 82 P.3d 715, 719 (review under "clearly erroneous" standard is correct as to the denial of his motion to dismiss based on lack of a speedy trial); and *In re Avery,* 2002 WY 87, ¶ 5, 47 P.3d 973, 975 ("clearly erroneous" standard may be correct standard where issue before district court is defendant's classification under the Sex Offender Registration Act).

[¶ 10] The only witness called by the State was the victim and we summarized the gravamen of her testimony above.

[¶ 11] The essence of Trumbull's claim is that, although the evidence established that he may have committed a touching as set out in the governing statute, there was no evidence that the touching was accomplished with the required *mens rea,* i.e., "... touching, with the intention of sexual arousal, gratification or abuse, of the victim's intimate parts by the actor[.]" § 6–2–301(a)(vi). In *Mitchell v. State,* 865 P.2d 591, 596 (Wyo. 1993) we opined, albeit in a considerably different context:

> Of the five-factor analysis in *Bishop v. State,* 687 P.2d 242, 246 (Wyo.1984), appellant's appeal focuses on only two, viz., purpose and materiality. He contends that the prosecution's stated purposes of motive and identity were bogus in that motive is not an element of the crime charged and identity was not a disputed material issue. Our reading of the second-degree sexual assault statute and the information in this case reveals that this case, like the typical prosecution case, is reducible to three elements: (1) someone committed the criminal act (*actus reus*) alleged in the information, i.e., intrusion of the perpetrator's finger inside the victim's vagina; (2) the perpetrator possessed the requisite guilty state of mind (*mens rea*); i.e., for the purpose of sexual arousal, gratification, or abuse; and (3) the perpetrator was the defendant (identity). See, EDWARD J. IMWINKELRIED, UNCHARGED MIS-

CONDUCT EVIDENCE § 3.01 at 3 and § 4.01 at 2 (1992 & Supp.1993). In this particular prosecution, the accused pleaded not guilty, defending on the ground that the crime charged never happened. He asserted the victim had fabricated the allegations. He did not offer to stipulate to any of the three essential elements of the crime charged, such as the occurrence of the criminal act and the perpetrator's possession of the requisite guilty state of mind, while still disputing the identity element. By defending on the ground that the charged crime never happened, the accused necessarily put into material dispute each of the three elements of the charged crime. To accord the accused due process, the prosecution had to prove each one of the three essential elements of the charged crime beyond a reasonable doubt.

[¶ 12] This case presents a considerably different scenario. Trumbull did not attempt to deny that he had massaged his daughter, although he did not himself testify about the incidents at issue. His mother appeared as a witness and her testimony was to the effect that she was present in Trumbull's household on both occasions where the victim claimed to have been the object of sexual contact/abuse. Trumbull's mother testified that she did not observe any inappropriate touching, although she confirmed that Trumbull did give his daughter "massages." Trumbull's girlfriend did not make herself available as a witness at trial. However, Trumbull deemed her testimony very important, and the parties agreed that her preliminary hearing testimony could be played for the judge, in lieu of her live testimony. That testimony tended to exonerate Trumbull and it also confirmed that Trumbull gave his daughter massages. The "reason" for her reluctance to appear as a witness is only made evident by that testimony, i.e., she too had been criminally charged in connection with the incidents at issue herein.

[¶ 13] With this evidence in mind, we confront the sufficiency of the evidence issue posed here. Had Trumbull's case been tried before a jury, we would be faced with a more difficult question. However, since this matter was tried to the district court sitting without a jury, we are not concerned with how the jury instructions should have been formulated, given the language contained in the governing statute. It suffices to note here that where a statute criminalizing sexual contact contains an element of sexual gratification, it is not enough to establish that the defendant merely touched the sexual or intimate parts of an individual. The law at issue requires the presence of intent of sexual arousal, gratification, or abuse. However;

> An oral expression of intent is not required to establish a defendant's intent. Intent in a sexual assault may be established through defendant's **conduct and circumstances** of physical contact. Intent of sexual gratification may be inferred from touching the complainant on more than one occasion, and committing the act after no adults were remaining in the house. [Emphasis added.]

2 Paul DerOhannesian II, *Sexual Assault Trials*, § 16.19 (Instructions concerning the element of intent—Sexual gratification in touching or sexual contact), 326 (3rd ed.2006); also see *Ladnier v. State*, 878 So.2d 926, 929–30 (Miss.2004); and *Farmer v. State*, 341 Ark. 220, 15 S.W.3d 674, 677 (2000). Here, we conclude that the trial judge would have been justified in finding "gratification" based upon the two virtually identical touchings. The above quoted treatise, as well as the illustrative cases cited, serve as guidance for fact finders about the sorts of evidence needed to support the "gratification" element, although they do discuss factual circumstances not directly applicable to this case.

[¶ 14] We conclude that the evidence was sufficient so that the district court could find that Trumbull acted with the intention of sexual arousal, gratification, or abuse.

**Failure of District Court to Articulate, in the Written Sentence, that it Considered Probation**

[¶ 15] At no point in the proceedings before the district court, or in its "Order on July 2, 2008 Sentencing," did the district court mention the word probation. We do take note that the principal issue before the trial court, at sentencing, was whether it

would effectuate the Presentence Investigation Report's recommendation that Trumbull be placed on probation. W.R.Cr.P. 32(c)(2)(D) contains this mandate:

(c) *Sentence.*—

. . . .

(2) Contents.—*A written sentence shall be signed by the judge and entered by the clerk of court without delay.* The sentence may be included in the judgment or separately entered. Except for forfeit offenses for which citations have issued, other misdemeanors where the penalty imposed does not exceed a fine of $200.00, and pleas entered under Rule 43(c)(2), *as a minimum the sentence shall:*

(A) State each offense for which sentence is imposed, including the statute number and whether the offense is a felony or a misdemeanor;

(B) State the sentence imposed for each convicted offense including for felonies the minimum and maximum term and state whether multiple sentences are to run concurrently or consecutively;

(C) State whether the sentence is to run concurrently with or consecutive to any other sentence being served or to be served by the defendant;

(D) *If probation is not granted, state whether probation was considered by the court;*

(E) Include a finding of all time served by the defendant in presentence confinement for any sentenced offense;

(F) State the extent to which credit for presentence confinement is to be given for each sentenced offense;

(G) Include an assessment for the victims of crime compensation fund as required by W.S. 1–40–119; and

(H) Include a finding as to whether the defendant is able to make restitution and if restitution is ordered fix the reasonable amount owed to each victim resulting from the defendant's criminal acts. [Emphasis added.]

See *Martinez v. State,* 2002 WY 10, ¶¶ 10–13, 39 P.3d 394, 396–97 (Wyo.2002); and compare *Bloomer v. State,* 2009 WY 77, ¶¶ 18–21, 209 P.3d 574, 592–93 (Wyo.2009) and *Guinn*

*v. State,* 2009 WY 15, ¶¶ 6–7, 201 P.3d 423, 424 (Wyo.2009).

[¶ 16] Trumbull contends that the mandate of the rule cited above should require a new sentencing. The State contends that the record establishes with adequate certainty that probation was front and center at the sentencing. We agree that the focus of sentencing was the Presentence Report's recommendation that Trumbull be placed on probation. However, we deem this factor one that makes the sentencing order's silence on probation all the more puzzling. The cases cited immediately above emphasize that the district court's handling of the issue of probation at sentencing involves a fundamental right, and we consider it too important to be decided on the basis of treating the district court's absolute silence as a tacit "consideration" of probation. In the face of the matter having been broached to the trial court, an implied, but not actually expressed rejection of probation simply does not suffice. The rule we adopt today requires that the district court meaningfully adhere to the requirement that probation be considered as an alternative sentence in accordance with the governing rule and our many precedents on that subject (excepting cases punishable by death, life without parole, or a life sentence). Failure to express that plainly in the written sentence will result in reversal of the sentence.

## CONCLUSION

[¶ 17] Trumbull's convictions are affirmed. The district court's sentence is reversed and this matter is remanded to the district court with directions that sentencing be considered anew in a manner consistent with this opinion.