2010 WY 79

Jack Elsworth FAUBION, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

Jack Elsworth Faubion, Appellant (Defendant),

v.

The State of Wyoming, Appellee (Plaintiff).

Nos. S–09–0076, S–09–0077.

Supreme Court of Wyoming.

June 18, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; and Tina N. Kerin, Appellate Counsel. Argument by Ms. Kerin.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Jenny L. Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice*.

[¶ 1] In these consolidated appeals, Appellant, Jack Elsworth Faubion (Faubion), challenges his ten convictions for third degree sexual assault. In Case No. S–09–0076, Faubion was convicted of four such counts after a trial to the court, sitting without a jury. In Case No. S–09–0077, with respect to an additional six counts that were charged at a later date, Faubion entered pleas of nolo contendere in accordance with W.R.Cr.P. 11(a)(1)(A). Wyo. Stat. Ann. § 6–2–304(a) (LexisNexis 2009) [1] provides:

> (a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:

> (i) and (ii) Repealed by Laws 2007, ch. 159, § 3.

> (iii) **The actor subjects a victim to sexual contact** *under any of the circumstances of W.S. 6–2–302(a)(i) through (iv)* or 6–2–303(a)(i) through (vii) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

"Sexual contact" is defined by statute as: "touching, with the intention of sexual arousal, gratification or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts." Wyo. Stat. Ann. § 6–2–301(a)(vi) (LexisNexis 2009). "Intimate parts" are defined as; "the external genitalia, perineum, anus or pubes of any person or the breast of a female person." Wyo. Stat. Ann. § 6–2–301(a)(ii) (LexisNexis 2009). Faubion was charged with sexual assaults which were committed under this statutory circumstance: "The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit." Wyo. Stat. Ann. § 6–2–303(a)(vi) (LexisNexis 2009). "Position of authority" is defined as: "that position occupied by a parent, guardian, relative, household member, teacher, employer, custodian or any other person who, by reason of his position, is able to exercise significant influence over a person." Wyo. Stat. Ann. § 6–2–301(a)(iv) (LexisNexis 2009).

[¶ 2] Faubion contends that he did not hold a "position of authority" as contemplated by the applicable statute, and, hence, could not be found guilty under the factual circumstances of this case. Further, he contends that the district court erred by not considering the lesser included offense of sexual battery at the bench trial.

[¶ 3] We will affirm all of Faubion's convictions.

## ISSUES

[¶ 4] Faubion provides this statement of the issues:

I. Did Faubion, a chiropractor, hold a "position of authority" causing the victims to submit to sexual contact?

II. Did the trial court err in not considering the lesser included offense of sexual battery in the bench trial?

The State rephrases the issues as follows:

I. Sufficient evidence was presented to allow the district court to find [Faubion] held a "position of authority" over his victims.

II. Using the plain error standard of review, the district court did not err in not considering the crime of sexual battery at the bench trial.

[¶ 5] The State posits a third issue in its brief that is not included in its statement of the issues. It contends that, with respect to the pleas of nolo contendere, Faubion did not preserve the issue of whether or not he was in a "position of authority" over his victims. Faubion addresses this contention in his reply brief.

---

* This case was reassigned to Justice Hill on April 15, 2010.

1. Although the statutes we cite herein have been amended in the years between the dates the instant crimes were committed (2005–2007), and the preparation of this opinion, the provisions we refer to in the current statutes have remained unchanged.

## FACTS AND PROCEEDINGS

[¶ 6] A detailed description of each of the eleven crimes is not relevant to our consideration of the substantive issues. Very briefly, Faubion was convicted of touching the breasts or pubes of his patients in the course of performing chiropractic treatment.

[¶ 7] Faubion did not deny that in the course of treating the victims at issue that he may well have inadvertently touched the breasts and/or pubes of these patients. In each instance, the patients testified that Faubion "cupped," or "groped," or otherwise touched their breasts (and in one case the pubes)' as alleged in the complaints against him. The testimony of the victims was clear and unequivocal to that effect. The record reveals that many of these victims returned to Faubion one or more times after being touched in what they eventually came to discern as being an unlawful manner of touching. The record also revealed that Faubion's conduct was not called to the attention of law enforcement authorities until after the victims had "compared notes," so to speak, about their treatment at Faubion's chiropractic office.

[¶ 8] As noted above, Faubion conceded that he may have made some incidental contact with the victims' intimate parts, but, to the extent that may have happened, it was merely incidental to the treatment techniques that he used in his ordinary practice of chiropractic medicine and that the treatment techniques he used are usual in his individual practice and in chiropractic in general. Further, he denied that any of the touching was done with the intention of sexual arousal, gratification or abuse, although whether or not that was the case is not pursued as an issue in this appeal. Several victims testified to what could be viewed as inappropriate comments to patients such as calling one "sexy," complimenting one on her youthfulness (despite being married and having children), and then asking her if she was going out to the bars to chase boys.

[¶ 9] Two other chiropractors testified as experts during the trial. The first was a chiropractor from Gillette with whom Faubion had worked earlier in his career. He testified that "skin-on-skin" touching was not customary in chiropractic practice in his experience (i.e., the patient's skin is always covered by clothing, or some other covering, at all times). A second chiropractor, from Oregon, testified as an expert and his view was that "skin-on-skin" contact was common, especially when making adjustments that require focused tactile acuity. That testimony included his opinion that in performing anterior rib adjustments it is often necessary to use "skin-on-skin" treatment. He also testified that it would not be uncommon for there to be incidental contact with a patient's breast tissue in the course of such treatments. However, he excluded such contacts as those described by Faubion's patients ("cupping," "groping," etc.). That expert also testified that when adjusting in the area of the complex of muscles, tendons, and joints associated with the groin, that some incidental/inadvertent contact with the pubes can occur.

## DISCUSSION

### Standard of Review

[¶ 10] The parties are not in accord as to what the standard of review should be in this case. Faubion perceives the issue as one of law because this Court is called upon to construe what the legislature intended when it wrote the statutes at issue, and especially the statute that uses the phrase "position of authority." Thus, Faubion contends the issue is one of law and not of fact. The State, on the other hand, contends that Faubion is challenging the sufficiency of the evidence and the standard of review pertinent to that issue should be applied here. We conclude that both standards need to be applied in this case.

[¶ 11] To the extent we are called upon to construe the statute, we take note that "[i]f a statute is clear and unambiguous we do not resort to the general principles of statutory construction." *LM v. Laramie County Dept. of Family Servs. (In re MN)*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007). Where a statute is unambiguous the rule of lenity has no role to play. *Crain v. State*, 2009 WY 128, ¶ 10, 218 P.3d 934, 940 (Wyo.2009).

[¶ 12]   The State contends that the issue is one of sufficiency of the evidence. To the extent the sufficiency of the evidence is called into question, we will apply this standard of review:

> In discussing the facts of this case, we apply the principle that the evidence should be examined in the light most favorable to the State when a question of the sufficiency of the evidence is raised. We accept as true evidence favorable to the State; we disregard evidence favorable to the defendant in conflict with the State's evidence; and we afford to the State's evidence every favorable inference which may reasonably and fairly be drawn from it. *Harvey v. State,* Wyo., 596 P.2d 1386 (1979); *Hovee v. State,* Wyo., 596 P.2d 1127 (1979). Heretofore we have had occasion to apply these concepts only to cases tried before juries. We have no compunction, however, in joining other courts which have applied these concepts in trials to the court. *Simmons v. State,* 255 Ark. 82, 498 S.W.2d 870 (1973); *People v. Johnson,* 276 Cal.App.2d 232, 80 Cal.Rptr. 683 (1969). The function of the finder of fact in cases tried to a court is identical to that in cases tried to juries, and the same rules are applicable with respect to the standards and principles applied in appellate review.

*Trumbull v. State,* 2009 WY 103, ¶ 9, 214 P.3d 978, 980 (Wyo.2009).

**Validity of Nolo Contendere Pleas**

[¶ 13]   We will briefly address this issue, although the State's presentation of it is not entirely clear. W.R.Cr.P. 11(a)(2) requires that pleas such as those at issue here meet certain criteria:

> (2) Conditional Pleas.—With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

[¶ 14]   The State contends that the reservation of the issue was not in writing and that Faubion did not otherwise make it clear what it was he wanted to reserve for appellate review. In *Walters v. State,* 2008 WY 159, ¶¶ 14–21, 197 P.3d 1273, 1277–79 (Wyo. 2008) we set out in explicit detail how this Court will view such reservations as that at issue in this case.[2]   It suffices here to note that the upshot of the State's argument is that we would be required to remand the second half of this case back to the district court and allow Faubion to withdraw his plea and plead anew. *Id.,* ¶ 26, 197 P.3d at 1280. We do not think the State seriously intended that to be an appropriate result in this case.

[¶ 15]   The plea agreement was not in writing and other requirements of the pertinent rule were not precisely followed in the proceedings below. Nonetheless, the record is very clear that both parties, and the presiding judge, went into the nolo contendere proceeding fully aware that the issue to be preserved for appeal was whether or not a chiropractor, acting in circumstances such as those at issue here, is subject to the rigors of the applicable sexual assault statutes. The decision reached on that issue would be dispositive to the entirety of the second part of this case. If Faubion was not a member of one of the categories of persons contemplated by the "position of authority" language, then he could not be found guilty of the charges lodged against him in either the first part of this case, or the second part. We find it unnecessary to evaluate this issue further, and we will exercise our discretion to address the substantive issue. See *Tucker v. State,* 2009 WY 107, ¶¶ 12–19, 214 P.3d 236, 240–2 (Wyo.2009).

**"Position of Authority"**

[¶ 16]   Faubion contends that the language contained in the definition of "position of authority" cannot be stretched to reach the conduct at issue in these cases. We iterate that language here: "that position occupied by a parent, guardian, relative,

---

2.   The proceedings in this case took place before our opinion in *Walters v. State,* 2008 WY 159, 197 P.3d 1273 (Wyo.2008) was published, although that is no excuse for failure to fully consult and comply with the governing rule when such a plea is entered.

household member, teacher, employer, custodian or any other person who, by reason of his position, is able to exercise significant influence over a person." Wyo. Stat. Ann. § 6–2–301(a)(iv).

[¶ 17] In a case which involved sexual conduct between a student and her coach/teacher we addressed a "vagueness" claim directed at this same statute. We find that discussion to be instructive here as well:

> Section 6–2–303(a)(vi), W.S.1977 makes it criminal for any person in a position of authority over a victim to use that position to cause the victim to submit. "Position of authority" is further defined as:
>
> > " * * * [T]hat position occupied by a parent, guardian, relative, household member, teacher, employer, custodian and [or] any other person who by reason of his position is able to exercise significant influence over a person." Section 6–2–301(a)(vi).
>
> The State did not rely separately on appellant's position as a teacher, although that relationship was obviously a factor in appellant's status. Rather, the State prosecuted and appellant was convicted under the last phrase of the definition: "any other person who by reason of his position is able to exercise significant influence over a person." It is this phrase which appellant challenges for vagueness.
>
> Appellant argues that under this statute it is a crime for anyone to convince another to have sex with him by using emotional involvement, and extends this construct to apply to numerous hypothetical situations, including the marriage relationship. We do not find appellant's characterization of the law persuasive, since common sense will be applied by this court to the statutory language. Dover v. State, supra [664 P.2d 536, 540 (Wyo.1983) ].
>
> First, this court follows the principle announced by the United States Supreme Court in United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975), that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." Sorenson v. State, Wyo., 604 P.2d 1031,

1034 (1979); Sears v. State, Wyo., 632 P.2d 946, 951 (1981).

> This case involves a very young woman, then in high school, who was in large part controlled by the attention and demands of appellant as her teacher, coach and confidant. It is not necessary, nor does the law permit us to examine the constitutionality of the statute by inventing situations in which the law's application might seem absurd or invalid. Sanchez v. State, supra, 567 P.2d 270; In re Romer, Wyo., 436 P.2d 956 (1968).
>
> Second, the words employed by the legislature in announcing the law must be given their plain and ordinary meaning. McArtor v. State, Wyo., 699 P.2d 288, 292 (1985); Hurst v. State, Wyo., 698 P.2d 1130 (1985). It is helpful to look to Burton's Legal Thesaurus, which defines authority as: "[J]urisdiction, legal power, legitimacy, prerogative, right to adjudicate, right to command, right to determine, right to settle issues, rightful power." Black's Law Dictionary, 5th ed. (1979) defines authority as: "Permission. Right to exercise powers; to implement and enforce laws; to exact obedience; to command; to judge. Control over; jurisdiction. Often synonymous with power."
>
> From these sources it is apparent that the legislature used the word "authority" to mean an externally granted power, not a self-generated control. One in a position of authority is a person who acquires that status by virtue of society and its system of laws granting to him the right of control over another. For example, society grants to a jailer power over his prisoner, and, therefore, the jailer is in a position of authority over the prisoner. Likewise, the teacher or coach is vested with power by a grant from society. The legislature enacted the statute to prohibit persons in such positions of authority from using those positions to cause any individual who might be subject to authoritative power to submit to sexual acts.
>
> In this case, appellant was the victim's teacher and coach. As reposed in our educational system, society vested him with an authoritative status over her.

Even though, in the criminal prosecution, the State did not rely on his employment as a teacher, his authority devolved from that ascribed status.

Appellant, however, seems to argue that his position as a teacher is somehow separable from his holding a position of authority. We think it is not. The State's structural positing of this case, in not relying on the fact that appellant was a teacher to show that he was in a position of authority over MBS, does not somehow negate the fact that appellant indeed occupied that position. Absent the fact that appellant was the victim's teacher, none of the events for which appellant was charged and convicted would have occurred. In light of these facts, we decline appellant's invitation to strike the statute as void for vagueness. A plethora of trial evidence comprehensively demonstrated that appellant was in a position of authority over MBS. A person of ordinary sensibilities in appellant's position clearly should have known that his conduct was forbidden.

*Scadden v. State*, 732 P.2d 1036, 1042–43 (Wyo.1987).

[¶ 18]  We think that line of reasoning applies to the issue Faubion raises here. Chiropractic practice is governed by statute. Wyo. Stat. Ann. §§ 33–10–101 through 33–10–117 (LexisNexis 2009). Chiropractic is "declared not to be the practice of medicine. . . ." Wyo. Stat. Ann. § 33–10–117; also see § 33–10–109. Although chiropractic is not the practice of medicine under Wyoming law, we note that the legal encyclopedia American Jurisprudence 2d discusses chiropractors under the category "Physician, Surgeons, and Other Healers." 61 Am.Jur.2d *Physicians, Surgeons and Other Healers*, §§ 5 and 37 (2002). There is a fiduciary or trust relationship between a patient and her healers and transactions between them are closely scrutinized by the courts. *Id.*, §§ 142–143. We take judicial notice that chiropractors govern themselves by a variety of ethical codes and at least one of them advises practitioners of "Practices of Questionable Propriety" which includes that such practitioners shall not take physical advantage of any patient. See, *http://chiropractic.org/ica/ethics.htm*.   We

concur with the representations of both Faubion and the State that this case appears to present a case of first impression, certainly in this Court, but with respect to both state and federal law generally.  The subject is given fairly comprehensive coverage in B. Anthony Morosco, *The Prosecution and Defense of Sex Crimes*, § 8.02[5] (Sexual Contact in Therapist–Patient Relationships (Age of Complainant Irrelevant)), also see § 8.03[2] (Position of Trust or Authority) (2008).

[¶ 19]  It appears that Wyoming's statute is exceptionally inclusive both as written and as construed in *Scadden*. See, e.g., Morosco, *The Prosecution and Defense of Sex Crimes*, *supra*, §§ 8.02[1] (Protected Special Relationships) and 8.03[1] (Issues of Legal Sufficiency of Evidence, Terms and Conditions Within Criminal Offenses); *State v. Denton*, 149 S.W.3d 1, 17–20 (2004) (Tennessee statute criminalizing acts committed by person using terms "authority figure" or "supervisory or disciplinary power" does not encompass physician/patient relationship); also see generally, Annotation, Jay M. Zitter, *Conviction of Rape or Related Sexual Offenses on Basis of Intercourse Accomplished under the Pretext of, or in the Course of, Medical Treatment*, 65 A.L.R.4th 1064 (1988 and Supp. 2009). We are satisfied that the challenged statute's language encompasses the circumstances presented here. Neither Faubion's testimony, nor that of the expert witness called to testify on his behalf, can serve to rebut the testimony of his victims that they were, indeed, victims of a chiropractor who exceeded the bounds of the statute that was applied to prosecute him for his criminal acts. We are also satisfied that the evidence presented by the complaining witnesses is sufficient to sustain the convictions entered by the district court.

**Lesser Included Offense**

[¶ 20]  Faubion did not contend in the district court that Wyo. Stat. Ann. § 6–2–313 (LexisNexis 2009) should be considered as a lesser included offense under the factual circumstances of this case. That statute provides:

(a) Except under circumstances constituting a violation of W.S. 6–2–302 through 6–2–304, 6–2–314 through 6–2–317 or 6–2–502, an actor who unlawfully subjects another person to any sexual contact is guilty of sexual battery.

(b) Sexual battery is a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both.

[¶ 21]   We agree with the State that, because this issue was not raised in the district court, we are compelled to consider this issue only under the plain error doctrine. That doctrine provides:

> In order to establish plain error, the defendant must show that the record patently demonstrates the district court transgressed a clear and unequivocal rule of law and such violation adversely affected his substantial right.

*Sandoval v. State,* 2009 WY 121, ¶ 6, 217 P.3d 393, 395 (Wyo.2009) (citing *Manes v. State,* 2004 WY 70, ¶ 9, 92 P.3d 289, 292 (Wyo. 2004)).

[¶ 22]   Faubion identifies the issue he raises in this regard as an issue of law which must be reviewed *de novo.* No authority is cited to support that contention, and this Court is unable to find support for it in any quarter. We have read Faubion's brief as generously as it can be read, and it contains no cogent argument or pertinent authority that the failure of the district court to *sua sponte* consider the statute at issue as a lesser included offense, of the offenses duly charged, constitutes plain error.

## CONCLUSION

[¶ 23]   We hold that § 6–2–304(a)(iii) in combination with § 6–2–303(a)(vi) applies to the sexual contact that Faubion, a chiropractor, had with the victims, his patients. We also conclude that the district court did not err in failing to *sua sponte* consider § 6–2–313 as a lesser included offense. The judgments and sentences of the district court are affirmed.

VOIGT, C.J., files as specially concurring opinion.

VOIGT, Chief Justice, specially concurring.

[¶ 24]   I concur in the result reached by the majority. I write separately only to emphasize the inappropriate attempted use in this case of the conditional plea concept provided in W.R.Cr.P. 11(a)(2). The Rule is set out in full in the majority opinion and need not be repeated here. Suffice it to say that the rule specifically is limited to the situation where a defendant "reserv[es] in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion." There was no such "adverse determination of any specified pretrial motion" because there was no such pretrial motion. Beyond that, the appellant is not seeking review of a determination of law made by the district court in a motion hearing. Rather, he is seeking a review of the sufficiency of the evidence presented at the trial in the first case (S–09–0076) as to one element of the charged crimes—whether he was in a position of authority over the victims—in challenging the charges in the second case (S–09–0077). In accepting the appellant's *nolo contendere* pleas, the reserved question was described to the district court as "reserving the right to appeal specifically the issue that was argued at the end of the State's case in the first case; and that is specifically whether there was evidence that supported a conviction, or supported at least going to a trier of fact as to the position of authority."

[¶ 25]   I agree with the majority that these circumstances do not present a situation where the appellant should be allowed to withdraw his pleas under W.R.Cr.P. 11(a)(2). The majority's resolution of the substantive issue answers the question the appellant appealed in the first case and attempted to reserve for appeal in the second case. He has had his day in court.