# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 89

APRIL TERM, A.D. 2014

*July 14, 2014*

TROY EDWARD THOMPSON,

Appellant
(Defendant),

v.                                                                    S-13-0251

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Nena James, Judge*

*Representing Appellant:*
   Michael Stulken, Green River, WY.

*Representing Appellee:*
   Peter K. Michael; Wyoming Attorney General; David L. Delicath, Deputy Attorney General; and Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

\*Chief Justice at time of expedited conference.

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]    After an investigation during which police learned that teacher Troy Thompson allegedly had sexual relations with three students at Rock Springs High School, Thompson was charged with a total of fifteen counts – seven counts of sexual abuse of a minor in the first degree, two counts of sexual abuse of a minor in the second degree, and six counts of sexual abuse of a minor in the third degree.  He eventually pleaded guilty to three counts, and the State agreed to dismiss the remaining charges and cap its sentencing recommendation.  After a dramatic sentencing hearing where several students, including two of the victims, testified on Thompson's behalf, Thompson was sentenced.  On the first count the court sentenced Thompson to not less than 15 years and not more than 25 years.  The court imposed two terms of not less than five and not more than eight-year sentences on the remaining two counts with all three sentences to be served concurrent to each other.  This appeal followed.

## ISSUES

[¶2]    Thompson presents two issues on appeal:

> The district court abused its discretion by failing to give consideration to all circumstances presented in [Thompson's] sentencing proceedings.

> [Thompson's] procedural due process rights were violated when the district court continued the August 20, 2013 proceedings.

## FACTS

[¶3]    Troy Thompson was a band teacher at Rock Springs High School [RSHS] and then at Western Wyoming Community College.  In 2012 Rock Springs police learned that Thompson, who was in his late 20's, had sex with at least one of his students at RSHS.  An investigation ensued and uncovered that Thompson had engaged in sexual conduct with three of his students.  Specifically, during 2008-2009 Thompson engaged in repeated acts of oral sex and vaginal sex with M.S. who was a high school student aged 14 and then 15 at the time of the offense.  Then, in late 2009 or early 2010 Thompson also engaged in sexual conduct, though no intercourse, with A.C., another RSHS student who was then 16 years old.  At the end of the school year in 2010 Thompson was fired from his position as a high school band teacher because he was unable to follow school protocol regarding student relationships.   That same summer Thompson began communicating with C.L., one of his previous students at RSHS.  During the fall of 2011 and the winter of 2012 Thompson and C.L. began having sexual intercourse regularly.

1

C.L. was 17 at the inception of this relationship. Investigators also learned that C.L. became pregnant with Thompson's child.[1]

[¶4]    As a result of the investigation's findings, the State charged Thompson with seven counts of sexual abuse of a minor in the first degree, two counts of sexual abuse of a minor in the second degree, and six counts of sexual abuse of a minor in the third degree.

[¶5]    A plea deal was reached wherein Thompson was to plead guilty to one count of sexual abuse of a minor in the first degree for one victim and two counts of sexual abuse of a minor in the third degree for the remaining victims. In exchange, the State would dismiss the remaining charges and cap its sentencing recommendation at 15 to 25 years.

[¶6]    Two of the three victims testified at a sentencing hearing on Thompson's behalf. Both admitted that the sexual activity was consensual and that they did not want Thompson to go to prison. One of the victims, C.L., testified as to the strength of her attachment to Thompson and went so far as to say that her only regret was speaking with law enforcement officers, whom she identified as the sole source of her victimization.

[¶7]    After hearing testimony, the district court recessed for personal reasons and Thompson did not object. Court reconvened the following day. C.L.'s parents testified about the damage done to their daughter, with C.L.'s mother specifically stating at the end of her testimony that Thompson had "ruined [her] daughter." C.L.'s father echoed her mother's sentiments, stating that she would be scarred the rest of her life and asked the court to sentence Thompson with the maximum penalty available.

[¶8]    Before sentencing, Thompson spoke on his own behalf. The district court then went on the record and spoke about the case and the parties involved. The court dismissed the victims' claims that they were not victims, and stated that "… the law has declared that this type of conduct is wrong …" The court observed, "I think the scariest thing of all of this is that [the victims] do not think that they are victims …"

[¶9]    After further reflection and lengthy explanation on the record, the court sentenced Thompson to serve a 15 to 25-year sentence for one count of sexual abuse of a minor in the first degree, to be served concurrently with two terms of five to eight years for the two counts of sexual abuse of a minor in the third degree, each to be served concurrently as well. This appeal followed.

**DISCUSSION**

[¶10] Thompson first argues that the district court abused its discretion by failing to consider mitigating evidence during sentencing. More specifically, Thompson complains

---

[1] C.L.'s parents adopted her child.

that the judge did not adequately consider the victims' statements, one victim's mother's statement, and the statement from Thompson himself when it sentenced him. Relying upon Wyoming's "Victim Bill of Rights" (Wyo. Stat. Ann. § 1-40-201 *et. seq*. (LexisNexis 2013)) and Wyoming statutes governing victim impact statements (Wyo. Stat. Ann. § 7-21-101 *et seq*. (LexisNexis 2013)), Thompson argues that the victims' statements in this case must be given special status and must be considered by a district court when determining the harm done by an offender. The State responds that the district court properly exercised its discretion and considered the evidence here as aggravating. Although the district court did not view the evidence as Thompson would have liked, the State points out that does not necessarily mean the evidence was not considered.

[¶11] We review sentencing decisions for an abuse of discretion. *Magnus v. State,* 2013 WY 13, ¶ 24, 293 P.3d 459, 467-468 (Wyo. 2013) (citation omitted).

> A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial.

[¶12] "Our precedent illustrates that a sentencing court may consider a wide range of factors about the defendant and the crime when imposing sentence." *Magnus,* ¶ 25, 293 P.3d at 468. This wide range includes victim impact statements, PSI's and other factors relating to the defendant and his crimes in imposing an appropriate sentence within the statutory range. The defendant's character can also be considered in sentencing. *Id.* When considering a defendant's character, courts may consider a defendant's cooperation with the authorities and remorse for his actions when imposing sentence. *Id*. In the imposition of a criminal sentence, a court should give consideration to all circumstances, aggravating as well as mitigating. *Cavanagh v. State,* 505 P.2d 311, 312 (Wyo. 1973). Although a district court must consider all of the factors presented during the proceedings, it is not required to base its decision upon any one factor. *Thomas v. State,* 2009 WY 92, ¶ 12, 211 P.3d 509, 513 (Wyo. 2009).

[¶13] In this case, there is no error in sentencing. The district court heard testimony from two of Thompson's victims on his behalf. They did not consider themselves victims, however. Thompson thus characterizes their testimony as mitigating and argues that the district court did not properly consider it when sentencing him. However, the court did address the victim's statements during sentencing:

> [T]he law has declared that this type of conduct is wrong and a person in their situation don't get to decide whether they are victims. They don't get to decide whether this man has a prison sentence or probation.

In fact, the court ***did*** consider the victims' statements, but considered the statements as aggravating rather than mitigating. Although Thompson disagrees, we conclude that the record is clear.

[¶14] Thompson's citation to the Wyoming statutes "Victim's Bill of Rights" in support of his argument is also misplaced. The "Victim's Bill of Rights" requires that victims of criminals be treated with respect and mandates that they be given an opportunity to participate in criminal proceedings, including testifying during sentencing. Wyo. Stat. Ann. § 1-40-203 (LexisNexis 2013). That two of Thompson's victims testified on his behalf does not qualify their testimony as more credible, or warranting special status more so than his victim that did not testify. We conclude the district court properly exercised its discretion in sentencing Thompson.

[¶15] Thompson next argues that his due process rights were violated when the district court recessed his sentencing hearing and continued it to the next day. Thompson argues that the extra time allowed C.L.'s parents, specifically, to prepare and present "inappropriate" victim impact statements.

[¶16] As the State suggests, because this issue was not raised in the district court, we will consider this issue under the plain error doctrine. That doctrine provides:

> In order to establish plain error, the defendant must show that the record patently demonstrates the district court transgressed a clear and unequivocal rule of law and such violation adversely affected his substantial right.

*Faubion v. State*, 2010 WY 79, ¶ 21, 233 P.3d 926, 932 (Wyo. 2010).

[¶17] Under the standard of review we do not find Thompson's argument persuasive. Undeniably, the district court recessed proceedings for less than 24 hours to attend to a dental emergency. Nevertheless Thompson cannot demonstrate a violation of a clear and unequivocal rule of law under the imposed plain error standard.

[¶18] Although Thompson cites to cases regarding due process and regarding victim impact statements, he cites to no pertinent authority or rule of law to direct this Court to conclude that any error was committed by the district court. Thus, his argument fails under the plain error standard of review. Certainly, there can be no due process violation when a district court has relied upon accurate information and a defendant had an opportunity to respond to

4

all information presented. *Hubbard v. State*, 2008 WY 12, ¶ 19, 175 P.3d 625, 629 (Wyo. 2008).

## CONCLUSION

[¶19]   The district court is affirmed.